# HENRY T. STEELE
## v.
## GRAND TRUNK JUNCTION RY. CO.

1. PLEA IN ABATEMENT—PENDING OF SUIT.—In an action of forcible detainer brought to recover possession of certain premises, an action pending founded upon a supposed forfeiture of the lease of the premises before the expiration of the term by reason of an alleged failure to pay rent pursuant to a notice to do so, under the statute (which suit afterward turned out not to be maintainable, because the proper statutory notice had not been given) was pleaded in abatement. *Held*, that the pending of such suit was not sufficient to sustain the plea in abatement. They were not the same identical causes of action.

2. JUDGMENT UPON PLEA IN ABATEMENT.—In ordinary actions at law in courts of record, the judgment on the finding of the issues for the plaintiff upon a plea in abatement, is interlocutory or final according to the nature of the action. If the action be for damages in assumpsit or tort it is interlocutory. But if it be in debt for a sum certain or for a specific recovery of land or goods, it is final. Such rule applies to the statutory action of forcible entry and detainer.

ERROR to the Circuit Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed December 8, 1886.

Mr. H. F. VALLETTE, for plaintiff in error; that the plea in abatement ought to have been sustained by the court, cited

Buckles v. Harlan, 54 Ill. 361; 1 Chitty on Pleading, 488; Com. v. Churchill, 5 Mass. 174; Bancroft v. Eastman, 2 Gilm. 259; McConnell v. Stettinius, 2 Gilm. 712.

That it was indispensable to the rendition of the judgment given that the court should require further evidence as to the merits of the case: 1 Chitty on Pleading, 498, 499; McCartee v. Chambers, 6 Wend. 649.

Mr. F. H. CULVER, for defendant in error; that the pending action could not be pleaded in abatement to this suit, cited Blackwood v. Brown, 34 Mich. 4; Smalley v. Edey, 19 Ill. 211; Vansant v. Allmon, 23 Ill. 30; Thielman v. Carr, 75 Ill. 385; Kessinger v. Whittaker, 82 Ill. 22; Merrin v. Lewis, 90 Ill. 505.

Upon a decision on a plea in abatement being decided in favor of the plaintiff, the judgment is final that he do recover: Stephens on Pleadings, 104; Gould's Pleading, 277, 278; Green's Practice, (Mich.) 284; Puterbaugh's Practice, 149; Chitty on Pleading, 483; 2 Greenleaf on Evidence, § 27; Chase v. Deming, 42 N. H. 274; Meyer v. Erion, 20 Ohio, 382; Young v. Gilles, 113 Mass. 34.

McALLISTER, P. J. This was an action of forcible detainer, brought in justice's court, May 14, 1884, by the Grand Trunk Junction Railway Company, against Steele, to recover the possession of certain premises definitely described in the complaint, for the cause that said premises had been let by one Howe to Steele, for the term of one year, at a specified rental; that Howe had conveyed the premises to the plaintiff below; that said lease had expired by lapse of time, and defendant below held possession of said premises, after such termination of said lease, without right. Steele filed a plea in abatement in justice's court, setting up the pendency of a former suit between the same parties, alleged to be for the same identical cause of action. On appeal from the justice's judgment to the superior court, said plea in abatement was orally traversed, and the cause submitted to the court for trial without jury. The court, upon the evidence, found the issues upon the plea in abatement for the plaintiff below,

and, without requiring or receiving any further evidence on behalf of plaintiff, but against the objection of the defendant, rendered final judgment against him, and he brings error to this court.

The action pending, set up as matter of abatement in the plea, was shown to have been for a cause of action founded upon a supposed forfeiture of said lease before the expiration of the term, by reason of an alleged failure to pay rent pursuant to a notice to do so, under the statute. The cause of action in that case was not the same identical cause of action as that of this present case; and besides it was not maintainable, because the proper statutory notice had not been given, as afterward turned out, when that case came to be tried. The pending of that suit was not, therefore, sufficient to sustain the plea in abatement, and the court below properly so held.

The remaining question is whether, upon the court finding for the plaintiff below, it was indispensable to the rendition of the judgment given that the court should require further evidence as to the merits of the case or otherwise. There was no question of damages involved. The action was for the recovery of the possession of land specifically described in the complaint.

It is well settled that in ordinary actions at law, in courts of record, the judgment on the finding of the issues for the plaintiff, upon a plea in abatement, is interlocutory or final according to the nature of the action. If the action be for damages in assumpsit or in tort, it is interlocutory. But if it be in debt for a sum certain, or for a specific recovery of land or goods, it is final. 2 Tidd's Pr. 740 ; Gould's Pleading, 4th Ed. Ch. 5, § 159, and authorities in note.

Such being the rule in actions at common law, will it apply to this statutory action? § 11 of the act entitled Forcible Entry and Detainer, reads: "Trials under this act in courts of record shall be the same as in other cases at law: *Provided*, no special pleading shall be required; but the defendant may, under the plea of "not guilty," give in evidence any matter of defense to the action." 1 Starr & C. St. 1182.

We think the judgment should be affirmed.

Affirmed.