CHARLES PATTERSON *et al.*

*v.*

MICHAEL GRAHAM.

*Filed at Ottawa March 24, 1892.*

1. LEASE—*construction of—right to passage-way for complete enjoyment of building leased.* Where a lease of a building does not in terms convey any right to a passage-way to buildings in the rear of that leased, or any right to such buildings in the rear, the most that can be claimed is, that by construction the lease conveys so much of the lot on which the buildings stand as may be necessary to the complete enjoyment of the leased building for the purpose for which it is rented.

2. Where a front building on a lot is leased for a particular use, the question whether a passage-way on the lot, or any part of the lot, in the rear, is necessary to the proper enjoyment of the building, as also whether that right has been interfered with so as to create an eviction, is one of fact.

3. SAME—*eviction as defense to action for rent.* A tenant can not retain the possession of the leased premises and refuse the payment of rent on the ground of a mere constructive eviction. Such an eviction may justify an abandonment of the premises, but will not defeat an action for the rent.

4. FORCIBLE DETAINER—*delivery of key and part payment of rent— whether a settlement of the suit.* During the pendency of an action of forcible detainer on appeal in the circuit court, and before the trial, the attorney for the defendants gave the key to the leased premises to the attorney for the plaintiff, and afterward paid a small part of the rent due, but such delivery and payment were not in settlement of the suit or in discharge of the cause of action: *Held,* that this did not terminate the plaintiff's right of action.

5. SAME—*complaint, how made.* In a forcible detainer suit the complaint is a mere pleading, not required to be sworn to, and is not required to be made or signed by the plaintiff in person. It may therefore be made by an agent or attorney.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Mr. E. A. SHERBURNE, for the appellant:

The complaint not having been signed by the plaintiff, gave the court no jurisdiction. The action being highly penal, the plaintiff must bring himself strictly within the statute. *Chapman* v. *Wright*, 20 Ill. 126; *French* v. *Willer*, 126 id. 611.

A party can not give a justice's court jurisdiction by attorney or by a letter. *Evans* v. *Pierce*, 2 Scam. 468; *Bigelow* v. *Stevens*, 19 Johns. 39; *Nelson* v. *Rockwell*, 14 Ill. 375; *Weinz* v. *Dopler*, 17 id. 111.

The complaint being the foundation of the action, is jurisdictional, and must show sufficient on its face to give jurisdiction. *Ballance* v. *Curtenius*, 3 Gilm. 449; *Wells* v. *Hogan*, Breese, 337.

Acceptance of a surrender of the premises, and of rent, before the trial, is a bar to the action. *Skinner* v. *Jones*, 4 Scam. 193; *Morgan* v. *Griffin*, 1 Gilm. 565.

The eviction of defendants was a bar to an action for rent.

Messrs. JOHNSTON & GRAY, for the appellee:

There was a sufficient complaint, the action being a purely civil proceeding. *Robinson* v. *Crummer*, 5 Gilm. 222.

There can be no eviction when the use of the exact property demised has not been interfered with. A mere interruption is not an eviction. *Campbell* v. *Shields*, 11 How. Pr. 240; *Morris* v. *Tillson*, 81 Ill. 607; *Harrison's case*, Clayt. 34; *Bartlett* v. *Farrington*, 120 Mass. 284; *Smith* v. *Raleigh*, 3 Camp. 513.

Only such things pass by the demise as are directly incident to the grant, and necessary to the enjoyment of the thing granted. Thus, therefore, an easement which does not materially and necessarily belong to the premises does not pass, and the disturbance of such an easement can not amount to an eviction. *Manning* v. *Smith,* 6 Conn. 289; *Bennett* v. *Bittle,* 4 Rawle, 330; *Merrick* v. *Hoppin,* 118 Mass. 582; *Bartlett* v. *Farrington,* 120 id. 284.

We contend that if the defendants saw fit to occupy the building leased to them, they must pay the rent. In this State eviction is inconsistent with use and occupation, the true doctrine being, that an eviction from part of the premises by the landlord will justify the tenant in abandoning the whole premises, and discharge him from further liability and his covenant to pay rent, but with this further essential qualification, that the tenant must either pay or abandon the premises. *Burnham* v. *Martin,* 90 Ill. 438; *Lynch* v. *Baldwin,* 69 id. 210; *Hayner* v. *Smith,* 63 id. 430; *Wilson* v. *Smith,* 5 Yerg. 379; *Wright* v. *Lattin,* 38 Ill. 294; *Railroad Co.* v. *Ripley,* 95 Mass. 421; *Boyce* v. *Guggenheim,* 106 id. 201; *Dewitt* v. *Pierson,* 112 id. 8; *Merrick* v. *Hoppin,* 118 id. 582.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

On the 10th day of September, 1886, appellee leased to appellants the following described property, to-wit, "the building known as number one hundred and forty-two (142) South Halsted street," the lease providing that said building was "to be occupied for a music store, and for no other purpose whatever." The term was to be from September 15, 1886, to April 30, 1890, the rent for the whole term to be $2827.50, payable monthly, in installments, on the first day of each month. These installments for the months of July, August and September, 1888, being unpaid, appellee, on October 13 following, demanded payment thereof from appellants, and

gave them notice that unless the same was paid on or before the 20th of that month their lease would be terminated. On the 22d of the same month, in pursuance of that notice, this suit in forcible detainer was begun before a justice of the peace, the complaint being in the usual form in that action, except that it read, "Michael Graham, by W. D. Kerfoot & Co., complains," etc., and is signed, "Michael Graham, by W. D. Kerfoot & Co., agents." The defendants failed to appear before the justice of the peace, and judgment was there entered against them for the possession of said premises. On appeal to the circuit court of Cook county the case was tried without a jury, and judgment again rendered for the plaintiff, and that judgment has been affirmed by the Appellate Court.

Appellants insist here, (on the same brief and argument filed in the Appellate Court,) first, that the circuit court erred in not dismissing the suit for want of a proper complaint. This contention is based upon the assumption that under our statute forcible detainer can only be begun by filing a complaint in the name of the party claiming possession, in his own proper person, hence it is said the complaint in this case, being by an agent, gave the court no jurisdiction. The position is without force. There is nothing in the present statute requiring the complaint to be sworn to, or even signed by the plaintiff. The language is, "on complaint in writing by the party or parties entitled to possession of such premises, being filed," etc. The complaint is a mere pleading, and no reason is perceived or suggested why it should be made by the complainant in person, rather than by an agent or attorney.

It was shown on the trial that on the 16th day of December, 1889, while the suit was pending in the circuit court, the attorney for the appellants gave the key to the leased premises to the attorney for the appellee, and afterward paid him a small amount of rent for the month of December, 1889.

Appellants' second contention is, that this terminated the plaintiff's right of action, on the principle that if one releases

his cause of action between the commencement of a suit and the final trial, he can not afterward recover a judgment for costs. In this case the evidence not only fails to establish that the key and rent were received in discharge of the plaintiff's cause of action, but directly the contrary is shown. The key was surrendered to avoid the giving of an additional appeal bond, counsel for defendants below stating that the bond then on file would cover rent to that time. They did not treat that transaction as a settlement of the suit, but defended at the trial upon the ground that when plaintiff demanded rent, and gave notice to terminate said lease for the non-payment of rent, none was due.

It is finally insisted that the circuit court erred in holding against appellants on said last named defense. The theory upon which it is based is, that they were evicted from a part of the leased premises by the plaintiff in the month of June, 1888, and were thereafter not liable for rent. It is not claimed that there was any interference with their use and enjoyment of the building described in the lease, but they claim that they also had, under their contract of leasing, a right to the free use of a passage-way north of said building, over the same lot, from the front to a yard and out-buildings in the rear, which they were deprived of, or obstructed in the use of, by the plaintiff. The lease does not in terms convey any right to such a passage-way, nor does it give to the tenants any right whatever to that part of the lot in the rear of said building. All that can be claimed, therefore, is, that by construction the lease conveyed so much of the lot on which said building stood as was necessary to the complete enjoyment of the building for the purpose for which it was rented. Whether said passage-way, or any part of the lot in the rear, was so necessary, and if so, whether that right had been so far interfered with as to amount to an eviction, are questions of fact, upon which the decision of the Appellate Court is final.

It was said in *Hayner et al.* v. *Smith et ux.* 63 Ill. 435, after citing cases : "The question, therefore, of eviction or no eviction depends upon the circumstances, and is in all cases to be decided by the jury." (See, also, *Lynch* v. *Baldwin*, 69 Ill. 210.) Even on the evidence produced by the defendants themselves it is impossible to see how, under the law announced in the foregoing and other decisions of this court, they could remain in possession of the premises and refuse to pay rent. At most there was but a constructive eviction, which might have justified an abandonment of the premises, but would not defeat an action for rent.

In any view of the case the decision of the circuit and Appellate Courts is right.

*Judgment affirmed.*