## Armstrong v. Crilly.

1. REAL ESTATE—*Description of Premises.*—The demise of a house by a street number carries with it the premises of which the building, which is strictly the house, is the main or principal feature.

2. FORMER SUIT PENDING—*No Bar.*—A former suit pending is no bar.

**Memorandum.**—Forcible detainer.   Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.   Heard in this court at the October term, 1893, and affirmed.   Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

CRATTY BROS. & JARVIS, attorneys for appellant.

EDWIN BURRITT SMITH and SOLON D. WILSON, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action of forcible detainer appealed by the present appellant from a justice of the peace to the Circuit Court, and the papers filed there May 24, 1893.

The appeal bond was filed with the justice.   The appeal could be taken only by filing it there, or at least having the amount of the bond fixed by the justice.   Fairbank v. Streeter, 142 Ill. 226.

And no appearance in the Circuit Court by the appellee, previous to calling the case for trial, was necessary to entitle the appellee to a trial.   Bessey v. Ruland, 33 Ill. App. 73.

However, the appellee did enter his appearance June 8, 1893, and on the same day served notice to place the case on the short cause calendar, and it was there on call on July 5, 1893.   It appeared then that forty-six other cases on that calendar, which should have had precedence of this, were put behind it, and the court directed that it be stricken from the place where it was and put below those forty-six.

It was again on call July 12, 1893, which was Wednesday.   The appellant objected to the trial, relying upon a rule of the Circuit Court as follows :

" Monday of each week is set apart and assigned as the day for the trial of suits upon the short cause calendar, but any judge may postpone the call of his short cause calendar. No case shall be noticed for trial on such. calendar until the same is at issue.   All notice to place a cause on such calen-

dar must be filed with the clerk within two days after the service of the same, and not later than Thursday, eleven days from Monday on which the case is set for trial. The clerk shall place upon the short cause calendar of each judge the causes assigned to each judge and noticed for trial upon the short cause calendar, except in cases when a judge is presiding in the Criminal Court, in which case his causes shall be distributed equally by the clerk among the short cause calendars."

The argument of the appellant is in effect that, inasmuch as the terms of the Circuit Court begin on the third Monday of each month, the cause was not "at issue" when notice was served during the May term, for the reason that in that term neither party could push the matter to a trial; and also that the court, having been engaged all Monday trying cases on that calendar, as well as Tuesday, could not continue so to do on Wednesday. We deem it enough to state the argument without reply.

On the merits: The complaint described the premises as "the two three-story and basement stone front brick house situate and known as numbers 2414 and 2416 South Park avenue, Chicago, Illinois," while in the lease, the word was "houses," followed by "and the two two-story brick barns in rear thereof."

The complaint did not profess to give a copy of the words of the lease, and the descriptions in the complaint and the lease were, in legal effect, the same. Carden v. Tuck, Cro. Eliz. 89; Riddle v. Littlefield, 53 N. H. 513.

A great deal of authority might be cited that the demise of a house by a street number carries the premises of which the building, which is strictly the house, is the main or principal feature. The description may, as in Patterson v. Graham, 40 Ill. App. 399, S. C., 140 Ill. 431, confine the demise to narrower limits. A former suit pending is no bar. Nor if for non-payment of rent, as this was, is such former suit, commenced upon some other claim before statutory demand for the rent, a defense in abatement. Steele v. Grand Trunk Ry., 20 Ill. App. 366. Affirmed.