## GEORGE B. ARMSTRONG

*v.*

## DANIEL F. CRILLY.

*Filed at Ottawa October 29, 1894.*

1. SHORT CAUSE CALENDAR—*appeal from justice always at issue.* A suit appealed from a justice, wherein no written pleadings are required, is "at issue," within the meaning of Rule 18 of the circuit court of Cook county, relating to short causes, so far as pleadings are concerned.

2. SAME—*court may continue call from day to day.* The fact that Rule 18 names Monday for the short cause calendar, does not, nor does the statute in that behalf, prevent the continuance of the call from day to day.

3. FORCIBLE ENTRY AND DETAINER—*insufficient description of premises must be objected to below.* Where a complaint and the lease introduced in evidence describe the premises by the street numbers, and no objection is made to the same in the trial court, advantage can not be taken of that fact in a court of review, even if the description were insufficient.

4. SAME—*record of suit between same parties—when not proper.* The record of a suit between the same parties, to recover the same premises, is properly excluded where no offer is made to prove that judgment was rendered in the cause, or that the cause of action was the same.

APPEAL from the Appellate Court for the First'District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

Messrs. CRATTY BROS., JARVIS & CLEVELAND, for the appellant.

Mr. EDWIN BURRITT SMITH, Mr. W. A. SHERIDAN, and Mr. SOLON D. WILSON, for the appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court :

On the 12th of May, 1893, appellee brought an action of forcible detainer against appellant, before one of the justices of the peace of Cook county. The premises alleged to be unlawfully detained were described in the complaint as "the two three-story and basement stone front brick houses, situate and known as numbers 2414 and 2416 South Park avenue, Chicago, Illinois." On the 20th of the same month the justice of the peace rendered a judgment in favor of the plaintiff for possession of the premises described in the complaint. The defendant appealed to the circuit court, filing his bond in the justice's court. On the 24th a transcript of the proceedings in that court was duly filed with the clerk of the circuit court, and on the next day Cratty Bros. & Jarvis entered their appearance in that court for the defendant. On the 8th of June the defendant filed a formal entry of his appearance, and gave notice to have the case transferred to the short cause calendar, which was done. On the 5th of July the defendant moved to strike the case from that calendar because it was noticed for trial there before it was at issue, but the court overruled the motion. He then moved to strike it from its place on that docket or calendar because it was advanced out of its regular order, and that motion the court allowed, and ordered the case placed forty-six cases below its then place, which was done. On

the 12th of July, being Wednesday, the case was called for trial, and the defendant renewed his motion to strike it from the calendar, and also objected to the trial at that time because it was called out of its regular order, because it was called on Wednesday instead of Monday, because the court had then called the short cause calendar continuously for three successive days, and for reasons stated in previous motions. The objections were overruled, and the case proceeded to trial. The jury returned the following verdict: "We, the jury, find the defendant guilty of unlawfully withholding from the plaintiff the possession of the premises described in plaintiff's complaint." Motion by the defendant for a new trial was overruled, and a judgment of restitution for "two three-story and basement stone front brick houses, situate and known as numbers 2414 and 2416 South Park avenue," and for costs. The Appellate Court found no reversible error in the record and affirmed the judgment. The defendant below now brings the record to this court, and both parties present the same briefs and arguments filed in the Appellate Court.

Much of the argument on behalf of appellant is devoted to the point that the case was improperly placed on the short cause calendar in the circuit court and there called, and the appellant forced to trial on Wednesday, the 12th of July. The effort in this argument is to support and maintain the various reasons stated for the several motions filed in the circuit court, the insistence being, that the rulings of that court on those motions were contrary to the statute providing for the transfer of suits at law, in courts of record, from the regular docket to a short cause calendar, and of Rule 18 of the circuit court of Cook county, prescribing the practice in that court under the statute. We think the position contended for untenable. The case was, within the meaning of the statute, pending in the circuit court when the notice was given, and, being one in which no written pleadings were required, was at issue, within the requirement of Rule 18. Monday of each

week is set apart by that rule as the day for the trial of
suits upon that calendar, but there is nothing in either
the statute or rule which prohibits the judge from con-
tinuing the call of that docket from day to day, if neces-
sary to dispose of the cases on it for trial. It is impossible
to escape the conviction that the effort of the defendant,
by his several motions in the trial court, was to accom-
plish the very thing the short cause calendar statute was
designed to prevent.

On the merits of the case little need be said. The ac-
tion was based on a demand for rent due, and notice that
unless the same was paid within a time fixed, the defend-
ant's lease would be terminated, as authorized by section
8 of the Landlord and Tenant act. (Rev. Stat. chap. 80.)
The lease described the premises as "two three-story and
basement stone front brick houses, and two two-story brick
barns in the rear thereof, situated and known as 2414 and
2416 South Park avenue, Chicago, Illinois." It was proven
on the trial that $1300 rent was due under the lease at the
time the notice was served. It is insisted this evidence
was insufficient to authorize the judgment of restitution,
the contention being, that it does not show that any part
of that sum was due as rent for the two houses, which, it
is said, are alone described in the complaint. The whole
of the $1300, counsel say, may have been due as rent for
the barns. The entire argument upon this point proceeds
upon two false assumptions: First that there was a sep-
arate rental fixed by the lease for the barns; and second,
that this action is to recover only a part of the leased
premises. By the terms of the lease appellant agreed to
pay for rent of the demised premises $7000, in monthly
installments of $183.33, from May 1, 1892, to May 1, 1893,
and $200 per month from May 1, 1893, to May 1, 1895.
How can it be said, then, that rent may have been due on
the barns but not on the houses? It is idle to say this
action was for a recovery of only a part of the leased
premises. As before said, there was no separate leasing

of parts of the property. All was leased together, for a certain rental. The complaint described the whole premises by giving the street numbers of the houses. No objection was made to the sufficiency of the complaint, or to the introduction of the lease in evidence. Even if it could be said the premises were defectively described in the complaint, no advantage could be taken of it now.

What has been said sufficiently disposes of the objection that "appellee undertakes to rescind the contract in part."

Appellant offered in evidence the files in a case entitled *Crilly* v. *Armstrong*, pending in the circuit court of Cook county when the present action was brought. It appears that the suit had been begun in the circuit court December 13, 1892, for the recovery of the same premises in controversy in this suit. On what ground does not appear. The evidence was objected to and the objection sustained. This ruling is assigned for error. One of the objections urged to the testimony was, that since the bringing of this suit the other had been dismissed by the plaintiff. The only reason assigned for offering the evidence was, as stated by counsel, "for the purpose of showing the pendency of this suit, and to show that the lease was forfeited by these proceedings in this case." No offer was made to show that a judgment had been rendered in that case forfeiting the lease, or that the cause of action was the same as this. The offered evidence did not, therefore, tend to prove anything material to the issue in this case. It did not even prove that such suit was pending at the time this trial took place. The circuit court properly excluded it, as wholly immaterial.

We find no error in this record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*