### George Hosher v. Herman F. Hestermann.

1.  LEASE—*Description by Street Numbers—What is Not Included.*—The rule that a demise of premises by street numbers includes stables on the rear end of the lot, is not applicable to corner lots in the business portion of a city occupying frontage on two streets, and on which are situated dwellings and business houses, separate and distinct, fronting upon the different streets.

2.  SAME—*Of Premises by Street Numbers—What Passes.*—A description of demised premises in a lease of a building, by the street number, includes so much of the lot upon which the building is situated, as is necessary to the complete enjoyment of the building for the purpose for which it was let, and nothing more.

**Forcible Detainer.**—Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. MCCONNELL, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed April 4, 1895.

ALLAN C. STORY, attorney for appellant.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant was the owner of a lot situated on the northwest corner of South Desplaines and Quincy streets in Chicago, having a frontage or width of thirty feet on South Desplaines street, and running west, of the same width, one hundred feet along and fronting upon Quincy street.

Upon the lot there were located three buildings; one, a two-story frame structure used as a saloon, fronting and opening upon South Desplaines street and known as No. 161 South Desplaines street; another, an old frame structure, formerly used and known as a blacksmith shop, but then unoccupied, facing south upon Quincy street, and standing west of, and separated by a few feet from the rear of the saloon building, and spoken of as No. 87 Quincy street; and the other, a frame cottage, in which appellant lived, situated west of and separated by a few feet from the shop, and fronting south upon Quincy street, and known as No. 89 that street.

Such being the situation of the property, the appellant and appellee, on November 23, 1891, entered into a contract of lease, whereby the appellant demised and leased unto the appellee for a term beginning on that day and terminating on April 30, 1895, wherein the demised premises are described as " the premises known as No. 161 South Desplaines street, being the northwest corner of Quincy and Desplaines street."

On November 26, 1891, the appellee entered into possession under the lease, of the saloon building, known and numbered as 161 South Desplaines street, and, as he testified of the shop. The appellee testified concerning what he took possession of, and the circumstances under which he took possession, as follows:

Hosher v. Hestermann.

"I moved my stuff in and took possession of the out-house and put my horse in there, and fixed up a stall in there for the horse and kept him in there for four months. It was an old blacksmith shop before, but for four years it had not been occupied, and Mr. Hosher (appellant) told me *when I came there* that I could fix it up and put a stall in there and use it for a barn."

The appellant admitted that appellee had permission to use the shop, but not under the lease, and that it was not until about a month and a half after he had taken possession of the saloon that he took possession of the shop.

About the middle of March, 1892, the appellant nailed up the door to the shop and excluded the appellee from it, and appellee refused thereafter to pay rent. An action for forcible detainer resulted in a judgment in the Circuit Court for appellee, and this appeal is from that judgment.

Unless either by the express terms, or by reasonable construction, of the lease, the shop was included, the judgment was wrong.

We think that taking the testimony of the appellee already quoted as correctly stating the facts and circumstances under which appellee took possession and occupied the shop, it is apparent that he took possession of it under a verbal permission by appellant given subsequent to the execution of the lease, and not under the lease itself, so that there can be no question here of a contemporaneous construction by the parties themselves of any ambiguity in the terms of the lease. The question then must be determined from the lease itself whether the shop constituted a part of the demised premises.

It has been held that a demise of premises by street numbers of residences which form the main or principal feature of the lease, included and carried stables situated on the rear end of the lots on which the residence stood. Armstrong v. Crilly, 51 Ill. App. 504; same case, 152 Ill. 646.

But we do not regard such a rule as applicable to a corner lot in the business portion of a large city, occupying a considerable frontage on two streets and occupied by both

business and dwelling houses separate and distinct from each other, and fronting and opening upon different streets. In such a case the rule stated in Patterson v. Graham, 140 Ill. 531, is better adapted, that all that can be claimed is "that by construction the lease carried so much of the lot on which the building stood as was necessary to the complete enjoyment of the building for the purpose for which it was rented," and nothing more.

The blacksmith shop had never before been used in connection with the saloon, either as a shop or a stable, and it does not at all follow that while, as in the case of Armstrong v. Crilly, *supra*, stables are natural and ordinary adjuncts to a certain class of residences, they are such to a saloon in the business portion of a large city.

The judgment of the Circuit Court will be reversed, and the cause remanded.

Reversed and remanded.