LOUIS D. GLANZ *et al.* Appellees, *vs.* JOHN ZIABEK *et al.* Appellants.

*Opinion filed February 20, 1908.*

1. EJECTMENT—*proof of prima facie title authorizes a recovery unless defendants show a better title.* Proof of actual possession under a deed or other claim of ownership is *prima facie* evidence of title, and is sufficient evidence upon which to authorize a plaintiff to recover in ejectment unless defendant shows a better title.

2. SAME—*a tax deed does not, of itself, overcome prima facie proof of title.* The validity of a tax deed depends upon a strict compliance with the statute, and such deed cannot be received as evidence of paramount title unless the proceedings anterior to the execution of the tax deed have been shown.

3. SAME—*conveyance by plaintiff to third person, pending suit, does not defeat a recovery.* It is sufficient, in ejectment, for the plaintiff to show that he was entitled to recover the premises sued for at the time the suit was begun, and his conveyance to a third person, pending suit, does not defeat a recovery, which inures to the benefit of his grantee.

4. SAME—*when absence of plat does not defeat recovery.* Failure of the plaintiffs in ejectment to prove a plat does not defeat a recovery, where the description in the deeds corresponds with the

description in the declaration and the evidence fully identifies the premises described in the declaration as the premises of the plaintiffs. (*Glos* v. *Ehrhardt,* 224 Ill. 532, distinguished.)

5. WITNESSES—*fact that witness is an attorney in the case does not render his testimony incompetent.* An attorney, when called upon to testify, should withdraw from the case, but the fact that he does not do so affects only the credibility, and not the competency, of his testimony.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding.

JACOB GLOS, *pro se;* JOHN R. O'CONNOR, for Emma J. Glos.

ENOCH J. PRICE, (SHERMAN C. SPITZER, of counsel,) for appellees.

Mr. CHIEF JUSTICE. HAND delivered the opinion of the court:

This is an action of ejectment commenced by the appellees, Louis D. Glanz and Everett M. Swain, against the appellants, Jacob Glos and Emma J. Glos, and other defendants, in the superior court of Cook county, to recover the possession of six lots located in Desplaines, Cook county, Illinois. Emma J. Glos and Jacob Glos each filed the general issue and Jacob Glos filed two special pleas, (1) denying possession, and (2) denying demand. At the close of all the evidence the jury, under the direction of the court, returned a verdict for the plaintiffs, finding that they were the owners of said premises in fee, and the court having overruled the motion of Emma J. and Jacob Glos for a new trial and rendered judgment on the verdict in favor of the plaintiffs, Emma J. and Jacob Glos have prosecuted an appeal to this court.

The first ground urged by the appellants as a reason for a reversal in this court is, that the plaintiffs failed to show

title to said premises in themselves. It appears from the evidence that on August 1, 1905, Mary H. P. Boult and Blanche M. Boult, by quit-claim deed conveyed one of said lots, and on August 14, 1905, Susa and Sara Whedon conveyed the other five lots by quit-claim deed to the plaintiffs, and that the plaintiffs' immediately went into possession of said premises, and that on the first day of September, 1905, the plaintiffs agreed to sell and convey said premises to one John Ziabek for the sum of $1500, and that Ziabek went into possession of said premises and commenced to improve the same; that Ziabek made default in the payment of certain deferred payments agreed by him to be paid to the plaintiffs as a part of the purchase money of said premises, and thereupon, and prior to the commencement of this suit, he re-conveyed said premises to the plaintiffs, but afterwards remained in possession of said premises and refused to surrender the possession thereof to the plaintiffs; that this suit was then commenced against Ziabek to obtain possession of said premises, and the appellants, with others, were made parties defendant to said suit as claiming to have some interest in said premises. The law is well settled in this State that proof of actual possession under a deed or other claim of ownership is *prima facie* evidence of title, and is sufficient evidence upon which to authorize a plaintiff to recover in ejectment unless the defendant shows a better title. *Barger* v. *Hobbs,* 67 Ill. 592; *DeWitt* v. *Bradbury,* 94 id. 446; *Keith* v. *Keith,* 104 id. 397; *Harland* v. *Eastman,* 119 id. 22; *Anderson* v. *McCormick,* 129 id. 308; *Coombs* v. *Hertig,* 162 id. 171; *Fisk* v. *Hopping,* 169 id. 105; *Casey* v. *Kimmel,* 181 id. 154.

It is next contended by the appellants that although it be admitted the plaintiffs showed a *prima facie* right to recover, such *prima facie* case was overcome by a tax deed to said premises which they held and which they offered in evidence but which the court declined to admit in evidence. This court has repeatedly held that a tax deed depends upon

a strict compliance with the statute, and such deed cannot be received as evidence of paramount title unless the proceedings anterior to the execution of the tax deed required by the statute,—that is, a judgment, precept, notice, etc.,—have been had. (*Anderson* v. *McCormick, supra; Kepley* v. *Scully,* 185 Ill. 52; *Kepley* v. *Fouke,* 187 id. 162.) We think, therefore, the tax deed held by appellants upon said premises alone did not overcome the *prima facie* case made by the plaintiffs, and that the court did not err in declining to admit the same in evidence.

It is further contended that since the commencement of this suit the plaintiffs have conveyed said premises, and that fact alone, it is said, is a bar to plaintiffs' right to recover. In *Mills* v. *Graves,* 44 Ill. 50, this court held that it was sufficient for the plaintiff to show, in ejectment, that he was entitled to recover the premises sued for at the time of the commencement of the suit, and that a conveyance to a third party by a plaintiff, pending the action, would not defeat the action, and that a recovery by the plaintiff in such case would inure to the benefit of his grantee. The doctrine of that case was approved in *Johnson* v. *Shinkle,* 50 Ill. 137, and in *Converse* v. *Dunn,* 166 id. 25, and is the settled law of this State.

It is also contended that no plat of the subdivision in which the lots described in the deeds to plaintiffs was located was offered in evidence, and it is said under the authority of *Glos* v. *Ehrhardt,* 224 Ill. 532, the plaintiffs were not entitled to recover. This contention is without force. The description in the deeds corresponded with the description in the declaration, and if the appellants claimed there was in existence no such property, they should have shown that fact. (*People* v. *Eggers,* 164 Ill. 515; *Vennum* v. *People,* 188 id. 158.) In the *Ehrhardt* case the plaintiff sought to deduce title from the United States government to himself, and by reason of the non-production of a plat of the subdivision in which the property claimed by him was

said to be located there was a break in the chain of title,—that is, the premises described in the deed were not identified as a part of the premises shown to belong to plaintiff's remote grantors. Furthermore, in this case the evidence fully identified the premises described in the declaration and the deeds as the premises of the plaintiffs.

It is finally contended that the court erred in permitting one of the attorneys for the plaintiffs to testify as a witness. The witness only testified to matters about which there could have been no dispute. He should, however, have withdrawn from the case before becoming a witness. (*Wilkinson* v. *People,* 226 Ill. 135.) His testimony was nevertheless competent, and the fact that he was an attorney of record for the plaintiffs at the time he testified only affected his credibility. *Bishop* v. *Hilliard,* 227 Ill. 382.

The evidence was not in dispute and clearly showed the plaintiffs were entitled to recover. The trial court did not, therefore, err in directing a verdict for the plaintiffs.

The judgment of the superior court will be affirmed.

*Judgment affirmed.*