### Terezie Firpach, Defendant in Error, v. John L. Novak et al., Plaintiffs in Error.

### Gen. No. 18,543.

1. TROVER AND CONVERSION, § 39*—*when recovery for misapplication of money deposited with agents for payment of taxes not sustained by the evidence.* An owner of real property deposited money with real estate agents for the payment of taxes on the property. The agents failed to apply the money to such purpose and the property was sold for taxes and the purchaser acquired a tax deed. Afterwards the owner paid a certain sum for a release of the tax deed and sued the real estate agents to recover the amount so paid as damages for converting the money deposited to their own use. *Held* that a judgment in favor of plaintiff for the sum paid for a release of the tax deed could not be sustained, there being no sufficient evidence of any damage save that of the amount deposited and interest.

2. TROVER AND CONVERSION, § 47*—*measure of damages when agents misapply money deposited with them for payment of taxes.* Where an owner of real property deposits money with agents to

*See **Illinois Notes Digest, Vols. XI to XV,** same topic and section number.

pay taxes on the property and the agents appropriate it to their own use and in consequence thereof the property is sold for taxes and the purchaser acquires a tax deed, for the release of which the owner pays a certain sum, the measure of damages might be the reasonable value of the land if plaintiff proves that the tax deed conveyed a paramount title, but in the absence of such proof the measure of damages would be the amount paid for the release of the tax deed if such amount was proved to be the reasonable and fair value of the interest acquired.

3. PAYMENT, § 34*—*conclusiveness of receipt.* It is competent to explain a receipt as conditional or to prove a subsequent agreement concerning the use of the money.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed February 2, 1914. Rehearing denied February 25, 1914.

VINCENT D. WYMAN, CHARLES E. CARPENTER and OTTO W. JURGENS, for plaintiffs in error.

JONES, BRYANT, KERNER, RING & POSVIC, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error to reverse a judgment for $303.28 rendered by the Municipal Court of Chicago against John L. Novak and Frank Steiskal (who were the defendants below and are the plaintiffs in error here) in favor of Terezie Firpach. The defendants in error June 8, 1906, were partners in the real estate business. For Mrs. Firpach they had negotiated the purchase of a house and lot in December, 1905, and acted as her agents in the management of the property afterwards. June 8, 1906, she gave them $50 and received from Steiskal the following receipt:

"June 8, 1906.

"Received of Mrs. Terezie Firpach Fifty Dollars on account of taxes and assessments.

Novak & Steiskal."

This money was not paid for the taxes (which were then due) but was applied to a running account between Mrs. Firpach and Novak and Steiskal, on which, according to the account on their books, offered in evidence, there was then $22.10 due them, an amount which was increased between that time and January 14, 1907, by the payment of other items.

The property was sold for unpaid taxes and in March, 1911, on a conveyance by Mrs. Firpach to the Monarch Brewing Company of the property in question, $475 was paid by the Monarch Brewing Company to one Jacob Glos, who had acquired a tax title, which had ripened into a deed. This sum was charged in the transaction between Mrs. Firpach and the Brewing Company to her. Glos, it was stipulated, had paid subsequent taxes amounting to $171.72. The difference, therefore, between $475 and $171.72, or $303.28, was held in this suit to be a proper measure of damages for the default of the defendants in the application of the $50 to the payment of taxes before September 14, 1906, when the first tax sale of the property occurred. The jury to whom the cause was submitted found this amount of damages due from Novak & Steiskal to Mrs. Firpach and the judgment complained of was rendered on that verdict.

The statement of claim in this case (which was begun in the Municipal Court August 23, 1911), asserted that the defendants "did convert and dispose of said sum of fifty dollars to their own use, by reason whereof the property of plaintiff was, without any fault on her part, sold to pay said taxes and assessments   *   *   * and afterward plaintiff was compelled and did pay to said Jacob Glos for a quit claim deed to his interest in said real estate acquired by said tax sale the sum of five hundred dollars."

The defendants claimed in effect three defenses: 1. That the agreement under which the $50 was received included a stipulation other than that mentioned in the receipt, namely, that it was to be applied for

payment of balance then due the defendants provided said balance was not paid by July 1, 1906; that said balance was not paid and accordingly the plaintiff was given credit for said payment on account and was notified that said money had not been paid for taxes, and that she would have to pay said taxes and assessments herself or bring in more money for that purpose. 2.   That the plaintiff was not compelled to pay Jacob Glos the sum of $500 or $475 for a quitclaim deed, but paid the latter sum voluntarily and without necessity; and, 3, that the action had not been commenced within five years from the time said alleged cause of action accrued and the statute of limitations had barred the suit.

Inasmuch as we have decided that the judgment must be reversed and the cause remanded because of considerations really involved in the second of these defenses, we shall say little of the first and third beyond this, that we should not, as the record now stands, disturb the verdict or judgment because of the evidence adduced to support these defenses.   The statute of limitations did not begin to run until the money was converted, if it were converted, from the use for which it was paid to Novak and Steiskal, and Mrs. Firpach had notice of it.   In regard to this there was evidence enough to support the verdict of the jury.

It was competent to explain the receipt as conditional or to prove a subsequent agreement concerning the use of the money, if either were the fact; but there was evidence enough at the trial to warrant the jury in believing neither.   But on the other hand there was, as we are forced to conclude, no sufficient evidence of any damage save that of the amount of money paid, $50 and interest.   We do not say that other damages could not or cannot be proved, but that they were not.

There was evidence tending to show that the plaintiff knew of the sale for taxes in time to redeem, and evidence that she was not, as she alleges, misled and induced by defendants to forego such redemption.   If

this were true, she could not recover damages beyond what it would have cost her to redeem, certainly not unless she proved her inability to raise the necessary amount in time thus to redeem.

But even if this were not true she cannot, merely because the tax sale has ripened into a tax deed, recover what she may have chosen to pay or some one may have chosen to pay for her to the tax deed holder.

If she had proved that the deed conveyed a paramount title (which its mere production did not, *Glanz v. Ziabek*, 233 Ill. 22; *Esker v. Hefferman*, 159 Ill. 38), then the reasonable value of the land might be the measure of damages, as the plaintiff claims. If she did not prove that the deed conveyed a paramount title, it was still a cloud and incumbrance, and an amount paid for its quitclaim or release might be the measure of damages if that amount was proved to be the reasonable and fair value of the interest acquired. The mere fact of payment is not enough. *McCord v. Massey*, 51 Ill. App. 186, affirmed in 155 Ill. 123.

The "reasonable and fair value of the interest acquired" might be, as the plaintiffs in error maintain in their reply brief, proved by evidence showing the "amount due tax title holder, without reference to subsequent taxes paid by him, together with testimony as to the reasonable expense of setting aside the tax deed."

But no attempt was made in the trial of this case to show anything further concerning the matter than that Glos received $475 for his quitclaim deed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*