Gretchen Loekelt, Appellee, v. Martin C. Stoltz, Appellant.

Gen. No. 42,544.

Opinion filed May 19, 1944.

EDWARD McTIERNAN, of Chicago, for appellant.

MAGNUS ROSENBERGER, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a forcible detainer action with judgment for plaintiff from which defendant appeals.

Plaintiff's action rests upon a contract for the purchase of real estate between plaintiff and defendant and wife, Alm, executor of the estate of defendant's mother, and others. Pursuant to the contract Alm, as executor, by virtue of the power in the will of defendant's mother, made and delivered a deed to plaintiff. The contract provided that defendant should deliver up possession within 20 days after the deal was closed. Within the 20 days, defendant requested, and plaintiff granted, permission to remain in possession a couple of weeks longer. When that period expired defendant refused to deliver up possession and plaintiff sued.

Plaintiff introduced the contract to show her right to possession within 20 days after delivery of the deed; the deed to mark the beginning of the 20 days; and the inventory in defendant's mother's estate, to show that the property contracted for and sold was that described in the inventory. These documents were introduced merely to show the basis of plaintiff's claim to possession, not to prove title, and were not vulnerable to the objections made at the trial by defendant. Because of the purpose of the proof, it was not necessary for plaintiff to produce letters testamentary to Alm in the estate of the defendant's mother.

Defendant did not testify, but before and during the trial insisted he had a homestead and that plaintiff's action accordingly did not lie. He relies on *Van Winkle*

*v. Weston,* 276 Ill. App. 66 and *Cohn v. Litwin,* 311 Ill. App. 55 to support his contention that the trial court erroneously rejected his purported offer to prove that he had a homestead by virtue of a devise in his father's will following an agreement between himself and father, whereby he was to support his father as consideration for the devise; and that the agreement was made following the severance, in his father's lifetime, of the joint tenancy of his father and mother in the premises. In the *Weston case* plaintiff's claim rested on a deed executed by defendant's wife only. The deed itself disclosed that defendant had not joined therein; there was no showing that defendant had given up or been deprived of his homestead, in a statutory method; and, accordingly, plaintiff could show no right to possession against him. In the *Litwin case* it was shown that plaintiff's assignor had no right to dispossess defendant, his wife, since she had neither given her homestead up nor been deprived of it in a statutory method and that, accordingly, plaintiff had no right to dispossess her. Plaintiffs failed in both cases because they did not prove a right to possession against the defendant. A forcible entry and detainer action involves only the right to possession. Defendant neither asserted nor attacked any weakness in plaintiff's claim as defendants did in the cases cited. He admitted sharing in the consideration for the deed; and recognized plaintiff's right to possession, by requesting her permission to remain two weeks longer, but sought to prove his claim to a homestead through an independent inquiry into the matters included in his purported offer of proof. The courts in this State have consistenly held that questions of title cannot be tried in forcible entry and detainer actions. The court properly rejected the purported offer.

Defendant finally contends that plaintiff cannot prevail because she made no demand in writing before suing. Demand in writing is required only under

clauses 5 and 6 of Section 2 of the Act, under neither of which plaintiff brought her action.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and BURKE, J., concur.