Bruno J. Kowalski, Plaintiff-Appellee, v. Robert Burman, Defendant-Appellant.

**Gen. No. 47,098.**

First District, Second Division.
April 9, 1957.
Released for publication May 21, 1957.

Warren J. Carey, and Arnold B. Kalnitz, both of Chicago, for appellant.

Collins & Harty, of Chicago, for plaintiff-appellee; Francis X. Riley, of Chicago, of counsel.

JUDGE SCHWARTZ delivered the opinion of the court.

■ Defendant appeals from a judgment in a forcible detainer action. Plaintiff made a motion in this court to dismiss the appeal on the ground that the issue had become moot, as plaintiff after appeal had been filed by defendant had entered into possession of the premises. Defendant admits that plaintiff is in possession. We denied plaintiff's motion but it is renewed in his brief. On an appeal in a forcible entry and detainer case we cannot dismiss the appeal even though possession by the plaintiff makes the issue moot. Defendant upon his appeal gave bond pursuant to the statute and under that bond he is liable for damages as therein provided in the event the judgment is sustained. He is entitled to a review of the judgment for that reason. This rule has been applied in favor of a plaintiff in order that he might recover under the bond for the period of unlawful withholding. It should, of course, be equally applicable to a defendant under circumstances such as exist here. We therefore hold that the case has not become moot by reason of the admitted fact that defendant is no longer in possession. Central States Co-ops. v. Watson Bros. Transp. Co., 180 F.2d 689; Patterson v. Graham, 40 Ill. App. 399, aff'd 140 Ill. 531, 30 N. E. 460; Glanz v. Ziabek, 233 Ill. 22, 84 N. E. 36; West Side Trust & Savings Bank v. Lopoten, 358 Ill. 631, 193 N. E. 462.

It appears from the evidence that defendant and his wife as vendors contracted to sell the property to plaintiff and his wife for $25,000. Subsequently in accord-

ance with provisions of the contract the purchase price was paid and plaintiff sought possession, which was denied. Plaintiff then brought this suit.

■ The principal point is whether demand was necessary before the filing of the suit. The forcible entry and detainer law (Ch. 57, Par. 2, Ill. Rev. Stat. 1955) provides that action may be used to restore a person to possession in six different cases, the sixth being as follows:

"When lands or tenements have been conveyed by any grantor in possession . . . and the grantor in possession . . . refuses or neglects to surrender possession thereof, after demand in writing by the person entitled thereto or his agent."

Clearly, this is applicable to the present situation. No demand was made or proved and therefore the action cannot be sustained. We are referred by plaintiff to Loekelt v. Stoltz, 323 Ill. App. 164. There the conveyance was made by the executor of an estate. It was argued on the part of the plaintiff that the executor was not a grantor in possession. The court held with the plaintiff that the case did not come under Clause 6 of Section 2 of the act. In the instant case there can be no doubt that the defendant was a vendor in possession. Demand was an essential prerequisite to suit. We are therefore entering an order of reversal.

Judgment reversed.

ROBSON, P. J. and McCORMICK, J., concur.