JOHN A. MESSENGER *et al.*

*v.*

SARAH E. MESSENGER.

*Opinion filed October 23, 1906.*

REGISTRATION OF TITLES—*when admitting an abstract of title in evidence is error.* Since the amendment of 1903 to section 18 of the Torrens Land Title law has never been legally adopted in Cook county, it is error, in a proceeding there for initial registration of title, to admit in evidence an abstract of title upon preliminary proof complying with such amended section but not complying with section 24 of the Records act, relating to the admission of abstracts of title in evidence where the records are destroyed.

APPEAL from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

HARRIS F. WILLIAMS, (EDWIN BEBB, and ELDON M. VOTAW, of counsel,) for appellants.

KREMER & GREENFIELD, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This was an application by Sarah E. Messenger to have her title to certain real estate in the city of Chicago registered under the Torrens land title system. In her application she set up that she was the owner in fee simple of the premises described, subject to certain encumbrances and special assessments. John A. and Harry N. Messenger, sons of applicant, were made defendants, and they appeared and filed answers in the court below, in which they denied that appellee was the owner of the premises in fee simple and set up that each of them owned an undivided one-third interest in said real estate and that their mother held the title to their undivided two-thirds in trust for them. The cause was referred to an examiner, before whom both appellants and appellee appeared and introduced evidence, both oral and

documentary. The examiner made his report, finding the appellee to be the owner in fee and overruled the appellants' objections to certain evidence that was introduced by the appellee in support of her claim of title. The final decree of the court was for appellee and in accordance with the examiner's report, and finds, adjudges and decrees that Sarah E. Messenger is the owner in fee simple of the lands described in her application and directs the registrar of titles to register such title, subject only to certain easements and charges set out in the decree. Appellants bring the record to this court and ask for a reversal of the decree.

At the hearing before the examiner appellee introduced in her own behalf what purported to be an abstract of title to the premises in question running from the government down to January 14, 1895. When this abstract of title was offered appellants objected to the same, upon the ground that it was incompetent, irrelevant and immaterial. The offer of the abstract was temporarily withdrawn until certain preliminary evidence could be offered, and upon the abstract being offered for the second time it was again objected to, because, among other things, there was no showing made that the instruments purporting to be abstracted were lost or destroyed, but the objection was overruled and the abstract was allowed to go in evidence under section 18 of an act concerning land titles, as amended in 1903. (Hurd's Stat. chap. 30, sec. 61.) There was no other evidence of a chain of title introduced before the examiner, and if this abstract was incompetent and insufficient to establish appellee's title, then the decree of the court based upon this evidence is erroneous and must be reversed.

The amendments to sections 7 and 18 of the Torrens Land Title law was passed in 1903, but by the terms of the act itself it did not apply in any county until adopted by the vote of the people to be taken either at the November or judicial election thereafter to be held. The amendment was voted upon in Cook county at the election held November 8,

1904, and was duly declared adopted by the election authorities. The case at bar was heard after the amendment to section 18 had been voted upon in Cook county and its adoption declared. Subsequently the election at which the amendments to sections 7 and 18 were supposed to have been adopted was contested in the circuit court of Cook county. An appeal being taken from the judgment of the circuit court of Cook county to this court, we held that the amendatory act of 1903 had never been legally adopted by the electors of Cook county. (*Harvey* v. *County of Cook*, 221 Ill. 76.) This being true, section 18 as amended was not in force, not having been legally adopted by the voters of Cook county, therefore its provisions have nothing to do with the admissibility of the evidence under consideration. Appellee made no attempt to bring the evidence within the provisions of section 24 of chapter 116 of Hurd's Revised Statutes, and we know of no other law under which it could have been introduced.

The decree based upon this evidence is erroneous and must be reversed, and the cause be remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*