JACOB GLOS *et al.*

*v.*

LOUIS EHRHARDT.

*Opinion filed December 22, 1906.*

1. REGISTRATION OF TITLE—*when proof of title is insufficient.* Proof of title to a forty-acre tract of land, followed by proof of a deed to a certain lot in a certain block of a subdivision of such tract, is not sufficient to show title to such lot where no plat of the subdivision is offered in evidence, and it is not shown that there was any such subdivision in existence or that there was any part of the forty-acre tract known by the lot number mentioned in the deed.

2. SAME—*what does not create hiatus in chain of title.* The fact that a trust deed upon which a foreclosure decree is based is not in evidence and there is nothing in the decree which connects it with such deed does not create a hiatus in the chain of title upon application for initial registration, where the decree was entered in a cause wherein the applicant, who was the mortgagee, was complainant, and the mortgagor, in whom the title was vested, was defendant, and the title was sold under the decree to the mortgagee, who received his certificate of purchase and master's deed.

3. DEEDS—*description must be such as to identify the land sold.* A conveyance of a lot or tract of land must contain some legal description by which the land conveyed may be found and identified.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel, and for plaintiff in error Emma J. Glos.)

JAMES R. WARD, and SWARTZ & GLAESER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Defendant in error filed in the circuit court of Cook county his application for registration of title in fee simple in him to lot 19, in block 8, in Goodwin's subdivision of the north-west quarter of the north-west quarter of section 20, in township 38, range 14, in said county. Plaintiffs in error were made defendants under an averment that they claimed an interest in the lot under tax deeds. Answers having been filed, the cause was referred to the examiner of titles, who heard evidence and reported that defendant in error was the owner of the premises in fee simple, and that the deeds under which plaintiffs in error claimed were void and should be set aside upon reimbursement for their expenditures and interest. The court overruled exceptions to the report and ordered title to the lot to be registered as prayed. A writ of error was sued out of this court to review the decree.

The applicant proved title to said north-west quarter of the north-west quarter of section 20 in Daniel Goodwin by a patent from the United States and a regular chain of conveyances. This proof was followed by a deed from Goodwin and wife to Edwin D. Hosmer and John J. Fenn, purporting to convey lot 19, in block 8, in Goodwin's subdivision of said north-west quarter of the north-west quarter of section 20. No plat of any subdivision was offered and there was no evidence that any plat or subdivision was ever made. It was not shown that the lot or subdivision men-

tioned in the deed had any legal existence, nor that there was any part of the forty-acre tract known as lot 19. A lot or tract of land must be conveyed by some legal description from which it can be found and identified. (*People* v. *Eggers,* 164 Ill. 515; *Vennum* v. *People,* 188 id. 158.) The conveyance alone furnished no means of locating the lot, and the proof in that respect was insufficient.

The applicant offered in evidence a deed from Hosmer and Fenn purporting to convey the same lot to James A. Cromie, and a mortgage of the same from James A. Cromie to Louis Ehrhardt. The next instrument in the chain of title was a decree for the sale of said lot entered by the circuit court of Cook county, under which the lot was sold to the applicant. A certificate of sale was issued to him and a master's deed to him was executed at the expiration of the time of redemption. The deed upon which the decree was based was not in evidence, and there was nothing in the decree which connected it in any way with the trust deed. It is contended that for this reason, also, there was a hiatus and the chain of title was not complete. The decree was entered in a cause wherein the applicant, who was the mortgagee, was complainant and James A. Cromie, the mortgagor, and others, were defendants, and it was not necessary, for the purpose of showing that Cromie's title passed by the decree, sale and deed, to prove that the decree was entered on the foreclosure of the trust deed. The title was in Cromie, and it was sold under the decree and became vested in the applicant, who was the mortgagee, so that, as far as this question is concerned, the whole title was in the applicant.

For want of any evidence of the legal existence of lot 19, or of any plat or subdivision in which the same is located, the decree is reversed and the cause remanded.

*Reversed and remanded.*