JACOB GLOS *et al.*

*v.*

MERRITT C. BRAGDON.

*Opinion filed October 23, 1907.*

1. REGISTRATION OF TITLES—*applicant must show title in himself.* An applicant for registration of title must show title in himself, and it is essential that the conveyances under which he claims shall identify the premises so that they may be ascertained by the description.

2. SAME—*there must be evidence by which premises may be located.* Title to certain lots in a specified block in a named addition to a city cannot be registered, even though there is an abstract of title in the examiner's report showing that a plat of such addition had been filed for record, but which neither copies the plat nor gives any description by which any lot or block of the addition can be located, and the plat itself is not in the report, which contains all the evidence.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

JOHN R. O'CONNOR, for plaintiff in error Glos.

Mr. JUSTICE DUNN delivered the opinion of the court:

The defendant in error filed his application in the circuit court of Cook county for registration of title in fee simple in him to lots 21, 22, 23 and 24, in block 5, in Union addition to Evanston, being in the south half of the northwest quarter of section 19, township 41, range 14, in said county. The petition alleged that Jacob Glos claimed some interest in lot 21 under an alleged tax deed. Jacob Glos answered claiming title to lot 21 under a tax deed, and the application was referred to an examiner, who heard the evidence and made a report finding that the applicant was the owner of the premises in fee simple and that the tax deed of Jacob Glos to lot 21 was void and should be set aside

upon the payment of $198.40. Exceptions to the report were overruled and a decree entered for the registration of the title. To reverse this decree a writ of error has been prosecuted from this court.

It was necessary for the applicant to show title to the premises in himself, and therefore essential that the conveyance under which he claimed should identify the premises so that they could be ascertained by the description. The evidence is insufficient in this respect, for the reason that no plat of Union addition to Evanston appears in the record. It is impossible from the evidence to locate block 5 of that addition, or any lot therein. (*Glos* v. *Ehrhardt,* 224 Ill. 532.) In accordance with the request of plaintiffs in error the examiner made report of all the evidence, as was his duty under section 18 of the act providing for registration. (4 Starr & Cur. Stat. p. 263.) The report contains an abstract of title showing that a plat of Union addition to Evanston, dated August 25, 1871, was filed for record, but neither the plat itself, nor any part of it, is copied, nor is there any description given by which any lot or block of the addition can be located. A book was produced from the recorder's office containing a map entitled "Union Addition to Evanston." The applicant offered the plat in evidence, and, upon objection, the examiner merely stated that it was part of the public records of Cook county. He made no ruling on the objection and the map does not appear in his report. The record contains no evidence by which the premises involved in the proceeding can be located.

The decree will be reversed and the cause remanded to the circuit court.          *Reversed and remanded.*