JACOB GLOS *et al.*

*v.*

GRANT BUILDING, LOAN AND HOMESTEAD ASSOCIATION.

*Opinion filed October 23, 1907.*

1. REGISTRATION OF TITLES—*what proof by an applicant is insufficient.* Proof by an applicant for initial registration of title that he had been in possession of the lots since he acquired title at a foreclosure sale, coupled with proof of master's deeds to the lots and certified copies of the decree upon which they were based, is not sufficient, where there is no proof of payment of taxes nor any evidence of any plat or subdivision showing that the lots had any legal existence.

2. SAME—*examiner of titles cannot make an ex parte examination.* An applicant for initial registration of title should introduce his evidence before the examiner, upon notice to defendants, in such form that the latter may preserve their rights for review by objection; and the examiner has no right to consider abstracts of title, or other matters not given in evidence, in making up his report.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

JACOB GLOS, *pro se;* JOHN R. O'CONNOR, for plaintiff in error August A. Timke.

Mr. JUSTICE CARTER delivered the opinion of the court:

On May 20, 1903, defendant in error filed its application under the Torrens law, in the circuit court of Cook county, to register its title to lot 32, in block 2, in Schlesinger's subdivision of the south-west quarter of the south-east quarter of the south-east quarter of section 6, township 38, north, range 14, east of the third principal meridian; also to lot 42, in block 2, in Huling & Johnson's subdivision of block 13, in Stone & Whitney's subdivision, in sections 6 and 7, township 38, north, range 14, east of the third principal meridian, in Cook county, Illinois. Applicant alleged that the land was occupied by its tenants; that there were no liens thereon, and that no persons were interested except Jacob Glos and A. A. Timke. Glos answered, claiming title to said real estate, but neither admitting nor denying the other allegations. Timke filed a demurrer, which was overruled, and he elected to stand by it. Reference was had to the examiner of titles, who took evidence, which was later certified to the court with his report. Objections to this report filed by Timke and Glos were overruled, and being allowed to stand as exceptions were again overruled and decree entered ordering the registrar of titles to forthwith register title in fee simple in applicant to the premises described in the application.

No brief has been filed by defendant in error.

As we understand the record, the evidence before the examiner consisted of testimony that defendant in error had been in possession of said lot 32 since 1898, when it obtained title through foreclosure, and was still in possession by its tenants, one Lesko and another person; that said lot 42 was then in the possession of one Horak as a tenant of defendant in error, and that one Joseph Strika owned and occupied it from 1893 to 1898, when the defendant in error

acquired title to it by foreclosure proceedings. A master's deed to said lot 32, dated December 29, 1899, was offered in evidence; also a master's deed to said lot 42, dated April 11, 1900, and certified copies of decrees upon which these two master's deeds were based. There was no evidence of payment of taxes by or for defendant in error and no other evidence of title introduced. No plat of any subdivision was offered as to either of the two lots in question and there was no evidence that any such plat or subdivision was ever made. It was not shown that said lots or subdivisions mentioned in said master's deeds had any legal existence. The deeds alone furnish no means of locating these lots, and the proof therefore was insufficient. *Glos* v. *Ehrhardt,* 224 Ill. 532.

The report of the examiner of titles recited that he had been furnished by the applicant with certain abstracts of title. These abstracts were not returned by him as a part of the evidence, nor were they offered in evidence upon the hearing, and they do not appear in this record. We held in *Glos* v. *Holberg,* 220 Ill. 167, that it was not within the province of the examiner to make *ex parte* examinations of title not introduced in evidence before him, and that the applicant for initial registration of title should introduce his evidence before the examiner of titles, upon notice to the defendants, in such form that the latter may preserve their rights for review by objection to the evidence. Under the authority of this decision, and the cases therein cited, the examiner improperly considered the abstracts of title in making up his report. See, also, *Messenger* v. *Messenger,* 223 Ill. 282.

For the reasons suggested the decree of the circuit court will be reversed and the cause remanded.

*Reversed and remanded.*