[No. 2186.   Nov. 12, 1918.]
## TRI-BULLION SMELTING & DEVELOPMENT CO. v. OZARK SMELTING & MINING CO.

### SYLLABUS BY THE COURT.

1. When the lease provides for a notice requiring the tenant in the alternative, either to perform the covenant or relinquish possession, the notice must recite the breach or stipula-

tion relied on with sufficient particularity to enable the les-
see to correct his default.                                    P. 655.

2.  Where a lease provides for its termination upon failure
of the lessee to comply with any of the terms and conditions
of the lease, after 30 days' notice of default and demand for
compliance, a complaint filed in a suit for possession of the
premises setting up defaults in the terms and conditions of
the lease will not take the place of a notice provided for by
the terms of the lease, under which the lessee is· to have 30
days' time within which to comply.                  ·'        P. 656.

Appeal from District Court, Socorro County; Mechem,
Judge.

Action by the Tri-Bullion Smelting & Development
Company against the Ozark Smelting & Mining Com-
pany. Judgment for defendant, and plaintiff appeals.
Affirmed.

NICHOLAS & NICHOLAS, of Socorro, and R. P. BARNES,
of Albuquerque, for appellant.

CHARLES S. REED, of Cleveland, Ohio, and JAMES G.
FITCH, of Socorro, for appellee.

## OPINION OF THE COURT.

ROBERTS, J.   This action was instituted in the court
below by the Tri-Bullion Smelting & Development Com-
pany, a corporation, against the Ozark Smelting & Min-
ing Company, a corporation, to cancel a certain lease
contract, copy of which was made Exhibit A of plain-
tiff's complaint, and which lease contract covers certain
mining premises therein described. The lease contained
some 16 or more covenants on the part of the lessee to
be performed. The complaint set out that the defend-
ant has failed to keep and perform the covenants, terms,
and conditions of said lease, in this: (a) It has not work-
ed said mine so as to take out of the same the greatest
amount of ore possible with due regard to the develop-
ment and preservation of same as a working mine; (b)
it has not worked said mine steadily and continuously

from the date of the beginning of said lease as required by its terms and conditions; (c) it has not removed from this mine an average of 40 tons of ore per day for all working days since the 29th of October, 1915.

The sixteenth article of the lease contract was as follows:

· "In the event the lessee shall fail to work the said' mine in good workmanlike manner and to properly timber the same, so as to fully protect any ores not removed therefrom, or fails to comply with any of the covenants, terms or conditions herein to be performed on its part, which failure may be prejuidicial to the interest of the lessor, and such failure shall continue for a period of 30 days after written notice and demand shall have been made by the lessor upon the lessee, requiring performance on its part, then all rights of the lessee hereunder shall at the expiration of 30 days cease and terminate, and this lease be at an end."

The complaint alleged that notice had been given in comformity with said sixteenth article, and set out as Exhibit B a 'copy of the notice. The notice reads as follows:

"As you are failing to comply with the various covenants, terms, and conditions to be performed by you under the existing lease between your company and the Tri-Bullion Smelting & Development Company, and as such failure on your part to comply with such covenants, terms, and conditions to be performed by you is resulting in a prejudice to the interest of the Tri-Bullion Smelting & Development Company, we hereby, under clause sixteenth of the existing lease between your company and the undersigned company, give you written notice and make demand upon you for performance on your part of all the covenants, terms and conditions of said lease to be performed by you, under the penalty at the end of thirty days from date hereof of having the said lease terminated by the said Tri-Bullion Smelting & Development Company."

The complaint contained a second count which set up the same defaults as contained in the first and differed only from the first in respect to the notice. The second count relied upon the filing of a complaint in the district court of Socorro county for possession, in which complaint was set forth the defaults and breaches of

the contract complained of, and it was alleged that the defaults were continued for a period of more than 30 days after the filing of the complaint.

Appellee demurred to the complaint on the ground that the same did not state a cause of action, and demurred separately to the allegations of the first count in regard to the notice and service thereon, on the ground that it appeared that said notice and service thereof were not sufficient to' terminate said lease in the following particulars: (a) The said written notice and demand, as shown by plaintiff's Exhibit B, attached to said complaint, is on its face insufficient because it does not state or specify what covenants, terms, or conditions defendant has failed to comply with, or in what particulars defendant has failed to comply with any of said covenants, terms, or conditions, or wherein said alleged failure has been prejudicial to the interests of plaintiff, so as to enable defendant to remedy and comply with the same within 30 days as provided in said lease. (b) It appears by said complaint that said written notice and demand were not served upon defendant until September 6th, 1916, and by its terms did not give or allow the defendant thirty days for performance on its part, as provided in said lease.

Appellee also demurred separately to the allegations in the second count of said complaint as contained in paragraphs two and three thereof, in regard to the complaint filed in a former suit by plaintiff against defendant, because said complaint did not constitute, and is not a substitute for, the written notice and demand required by the terms of said lease, in this: (a) Said complaint is not a written notice and demand upon defendant to comply with the terms of said lease, but on the contrary alleged that said lease had already been terminated by reason of the giving of the former notice and the expiration of thirty days therefrom and sought, among other things, to have said lease declared forfeited by the court at and as of the expiration of thirty days after the giving of said first notice, and for dam-

ages for the refusal of defendant to surrender possession of said premises at said date. (b) Said complaint did not set out with definiteness and certainty the particular in which the defendant has failed to comply with the various covenants, terms and conditions of said lease, because the allegation therein of defendant's failure to work said mine so as to take out the greatest amount of ore possible, was not a breach of the terms of said lease, and the allegations that defendant had not well and sufficiently timbered said mine and had not sorted waste rock in such manner as not to interfere or cover up unprospected ground, are not charged or alleged as violations of the terms of said lease in the present suit.

Appellee's demurrer was sustained generally and appellant, electing to stand upon its complaint, judgment was accordingly rendered against it from which judgment this appeal is prosecuted.

[1] It will not be necessary to consider all the grounds of demurrer; for, if any ground set forth is well taken, the action of the court must be sustained. The second ground of demurrer was based upon the insufficiency of the written notice and demand required by the sixteenth covenant. This covenant, it will be observed, required 30 days' notice of failure to comply with any of the covenants and conditions of the lease prejudicial to the rights of the lessor and demand for performance, and provided that a failure to comply within the 30 days should result in the forfeiture of the lease. It was evidently the intention of the parties that the attention of the lessee should be specifically directed to any alleged default, and that the lessee should have an opportunity of remedying such default during the 30-day period. The notice in question failed to specify wherein the appellee was in default. It merely advised it that it had failed to comply with the terms and conditions of the lease. This was not sufficient. It was the duty of the lessor to have pointed out specifically the claimed default so that the lessee could have

corrected the same within the time limited. When the lease provides for a notice requiring the tenant in the alternative either to perform the covenant or relinquish possession the notice must recite the breach or stiuplation relied on with sufficient particularity to enable the lessee to correct his default. Tiffany on Landlord and Tenant, vol. 2, § 276.

In Washington, under a statute providing that a tenant is guilty of unlawful detainer when he continues in possession after failure to perform any condition of the lease, other than to pay rent, after notice in writing requiring in the alternative the performance of such condition or the surrender of the property, provided they shall remain uncomplied with for 10 days after service thereof, it was held that a notice under a lease requiring the performance of a large number of covenants, which notice contained a mere general recital of the conditions of the lease and claimed that a breach had been made in the performance of each and every condition, but which did not point out any particular act which the lessee could perform within the specified time, was insufficient. Byrkett v. Gardner, 35 Wash. 668, 77 Pac. 1048. It seems scarcely a sufficient answer to this for the lessor to say in effect, "You have been violating your covenants, and you know which." On this ground we think the demurrer was properly sustained as to the first count of the complaint.

[2] A separate ground for demurrer is also based upon the sufficiency of the complaint in the former case (Plaintiff's Exhibit C), as a notice. Clearly it does not comply with the requirements of the lease; it does not give the lessee 30 days or any other time in which to make good any default, but, on the contrary, claims that the time has already elapsed, that the lease has been terminated, and the lessor is demanding through the court immediate possession because the forfeiture has already occurred. It certainly was not intended by the lessor as a notice under the terms of the lease, nor could the lessee have so regarded it. Aside from the

general covenants 1 and 2, it alleges violation only of the third and sixth covenants, in regard to timbering and the deposit of waste, which are entirely omitted in the present complaint, and the substitution therefor of alleged breach of the ninth, in regard to the average daily minimum of ore to be removed. If it could be regarded in the light of a demand and notice, it would not be sufficient so far as the latter is concerned.

Where a lease provides for its termination upon failure of the lessee to comply with any of the terms and conditions of the lease, after 30 days' notice of default and demand for compliance a complaint filed in a suit for possession of the premises setting up defaults in the terms and conditions of the lease will not take the place of a notice provided for by the terms of the lease, under which the lessee is to have 30 days' time within which to comply.

Appellants also complain of the refusal of the court to direct the appellee to pay the royalties and rentals accruing under the lease pending the decision of the case on its merits, but we find no error in the action of the court in this regard.

For the reasons stated, the judgment of the court below will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.