STERN CO. *v.* FRIEDMAN.

1. CONTRACTS—BREACH OF CONTRACT—RIGHT OF ACTION—EQUITY.
Where plaintiff had a lease with defendant with option of renewal for five years, and defendant refused to renew, plaintiff's remedy was an action at law for the breach of the contract and not a bill in equity asking solely for damages.

2. SPECIFIC PERFORMANCE—PLEADING—DAMAGES.
Where specific performance is not asked for, none can be granted under the allegations of a bill asking solely for damages.

3. EQUITY — JURISDICTION — MULTIPLICITY OF SUITS — BREACH OF CONTRACT.
A suit in equity for damages for the breach of a contract to renew a lease cannot be maintained on the ground that it will avoid a multiplicity of suits at law as damages on account of the breach accrue, since it does not constitute a multiplicity of suits, within equity cognizance, where the right of action arises out of a single transaction between the same parties, and suits for damages for breach thereof, after the initial suit, must await accrual of such damages.

Appeal from Kent; McDonald (John S.), J. Submitted January 25, 1922. (Docket No. 140.) Decided March 31, 1922.

Bill by the Stern Company against Morris Friedman, surviving partner of M. Friedman & Company, for damages for failure to exercise an option for the renewal of a lease. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Jewell & Smith,* for plaintiff.

*Travis, Merrick, Warner & Johnson,* for defendant.

WIEST, J. Morris Friedman and Joseph Roth, as

copartners, on January 15, 1915, by written lease, rented from Alexander W. Hompe, owner, a certain store building in Grand Rapids, for the term of five years, with an option right to renewal as follows:

"I (Hompe) hereby agree to renew this lease for a further period of five years from the expiration hereof upon the same terms and conditions herein contained, except that the rent, which shall be determined by arbitration at least six months before the expiration hereof, shall not be less than five thousand dollars per year, plus taxes, assessments and insurance."

On June 10, 1916, Friedman and Roth leased to plaintiff for a term of three years and six months all of the premises except the ground floor and basement, with a renewal option agreement as follows:

"It is further agreed that said second party (The Stern Company) may, at its option, renew and extend this lease for a further period of five years from the expiration hereof, at a rental to be agreed upon between the parties hereto, or determined by arbitration, but it shall not be less than five thousand dollars per annum, written notice of its intention to exercise such option to be given not later than January 1, 1919, and upon such notice being given said first parties of the first part shall forthwith exercise their option with the owner of said premises for such renewal and extension and proceed to carry into effect for the benefit of said second party all rights and privileges of renewal to which they are entitled under their lease from the owner of said premises and in determining the rental for such additional period, the amount received as rent for the remaining portion of the premises described in the lease between first parties and the owner or a fair *pro rata* rental value thereof shall be taken into consideration and due allowance made therefor to said second party."

Plaintiff went into possession and in December, 1918, gave notice to defendant of its intention to exercise its option to renew and extend the lease for the further period of five years from the expiration there-

of, at a rental to be agreed upon as in said lease provided.

Defendant, as surviving partner of the copartnership of Friedman and Roth, refused to exercise the option and have the lease from Hompe renewed and refused to renew the lease to plaintiff, claiming that both options were void for uncertainty of method for determining the rent. Plaintiff thereupon rented the premises from the owner, and in order to do so had to take over portions of the premises claimed to be of no value to plaintiff and to pay $5,000 per year, plus taxes, assessments and insurance upon the property. If defendant had exercised the option for a renewal with the owner he would have had to pay at least $5,000 per year, plus taxes, assessments and insurance, but as stated such lease covered more of the premises than rented to plaintiff.

In this suit plaintiff asks:

"That upon the trial and hearing of this cause, a decree be entered, directing the defendant to pay the plaintiff such sums of money as shall then be determined to have been paid by the plaintiff for repairs and remodeling the Ottawa avenue premises and for taxes, assessments or insurance upon said property.

"That upon the trial and hearing of said cause, a decree be entered therein compelling the defendant to pay to the plaintiff or to the owner of the property for the benefit of the plaintiff as they shall become due and payable hereafter during the extended term of said original lease all taxes and assessments that shall be levied upon or against said property and all insurance premiums which shall be carried thereon under the direction of and to the satisfaction of the owner of said premises and within the terms of the lease agreement."

Defendant in his answer claimed that plaintiff in its bill had stated no equitable cause of action. Upon defendant's motion to dismiss the bill the circuit judge held that the option agreement was so uncertain in

its method of determining the rent as to be unenforce-able and dismissed the bill.

The case is here on appeal and we are confronted with the question of the right of plaintiff to come into the court of equity with a case asking solely for damages for a breach of contract. The written agreement between the parties presents only a question of law, and if valid it must admit of the determination of such damages in an action at law.

It is claimed in the brief for plaintiff that:

"The parties have rights requiring the determination of the legal effect of this lease and the extension agreement, and a decree settling the questions involved and practically granting specific performance by way of imposing obligations upon the one who has broken his contract, is, therefore, within the jurisdiction of an equity court."

No specific performance is asked for and none can be granted under the allegations in the bill. The legal effect of the lease and option for renewal and damages for breach thereof present no equitable questions.

A careful consideration of the issues presented leads us to hold that plaintiff, if entitled to recover damages, has an adequate remedy at law, and the bill states no case for consideration on the equity side of the court. See *Laubengayer* v. *Rohde,* 167 Mich. 605; *Pulezer* v. *Kucharzyk,* 116 Mich. 92; *Lee* v. *Hedenskoog,* 200 Mich. 427.

This suit cannot be maintained in equity on the ground that it will avoid subsequent suits at law as damages on account of the breach of the contract accrue. It does not constitute a multiplicity of suits, within equity cognizance, where the right of action arises out of a single transaction, between the same parties, and suits for damages for breach thereof, after the initial suit, must await accrual of such damages.

Under 3 Comp. Laws 1915, § 12351, plaintiff may

have the case transferred to the law side of the court, and the case is remanded to the circuit court for such proceeding in accordance with this opinion and the statute. If plaintiff does not move for such transfer within twenty days the bill will stand dismissed but without prejudice. Defendant will recover costs.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.