## STERN CO. *v.* FRIEDMAN.

1. LANDLORD AND TENANT—LEASES—PROVISION FOR FIXING RENT BY AGREEMENT OR ARBITRATION SUFFICIENTLY DEFINITE.

In an action for damages for the breach of a lease for a term of years, with the option of renewal "for a further period of five years from the expiration hereof at a rental to be agreed upon between the parties hereto or determined by arbitration," contract *held*, sufficiently definite to be valid.[1]

2. SAME—RENEWAL—NOTICE—SUFFICIENCY.

Defendant's claim that the notice of election to renew the lease for the five years "at a rental to be agreed upon as in said lease provided," was not in accord with the provision therefor in the lease, *held*, without merit, and not open to the construction that it narrowed the fixing of the rent to an agreement to the exclusion of arbitration.[2]

3. SAME—MEASURE OF DAMAGES FOR BREACH OF LEASE.

Where defendant leased the building, part of which he subleased to plaintiff, and, in order to fulfil his contract with plaintiff he would have had to renew his lease with the owner, which he failed to do, and vacated the part of the premises which he occupied, whereupon plaintiff was compelled to lease the whole building from the owner, its measure of damages is the difference between the rent it would have had to pay defendant under the renewal and what it pays the owner for the same portion of the premises.[3]

4. DAMAGES—DIFFICULTY IN MEASURING DAMAGES DOES NOT BAR ACTION.

Mere difficulty in measuring damages to a nicety does not bar all remedy, but courts will make the best effort possible to mete out justice.[4]

5. LANDLORD AND TENANT—DAMAGES—BREACH OF LEASE.

Plaintiff is not entitled to recover the cost of fitting up for its own use and occupancy that part of the building formerly occupied by defendant, since such damages could

[1]Landlord and Tenant, 35 C. J. § 124; [2]Id., 35 C. J. § 150; [3]Id., 35 C. J. § 155; [4]Damages, 17 C. J. § 90.

not have been within the contemplation of the parties
in case of a breach of the contract, and none such are
recognized by law.[5]

Error to Kent; Dunham (Major L.), J.   Sub-
mitted October 10, 1924.   (Docket No. 81.)   Decided
January 28, 1925.

Assumpsit by the Stern Company against Morris
Friedman, surviving partner of M. Friedman & Com-
pany, for breach of a contract for the renewal of a
lease.   Judgment for defendant.   Plaintiff brings
error.   Reversed.

*Laurence W. Smith* and *Jewell, Raymond & Face,*
for appellant.

*Travis, Merrick, Warner & Johnson,* for appellee.

WIEST, J.   The subject of this litigation has been
here before.   In *Stern Co.* v. *Friedman,* 211 Mich.
639, a bill asking for a declaration of rights, under
Act No. 150, Pub. Acts 1919, was dismissed, because
the act was unconstitutional.   In *Stern Co.* v. *Fried-
man,* 218 Mich. 258, a bill for specific performance
was dismissed, with leave to proceed for damages on
the law side of the court.   Pleadings were thereupon
amended to accord with an action at law, hearing had
in the circuit, and plaintiff held to be without remedy.
The case is here by writ of error.   A full statement
of the facts will be found in the last case above men-
tioned and we will restate only so much thereof as
will make clear the issue now before us.

Morris Friedman and Joseph Roth, copartners, of
which firm defendant is surviving partner, on Jan-
uary 15, 1915, by written lease, rented from Alexander
W. Hompe, owner, a certain store building in the city

[5]Landlord and Tenant, 35 C. J. § 155.

of Grand Rapids, for the term of five years, with an option right to renewal as follows:

"I (Hompe) hereby agree to renew this lease for a further period of five years from the expiration hereof upon the same terms and conditions herein contained, except that the rent, which shall be determined by arbitration at least six months before the expiration hereof, shall not be less than five thousand dollars per year, plus taxes, assessments and insurance."

June 10, 1916, Friedman and Roth leased to plaintiff for a term of three years and six months all of the building except the ground floor and basement fronting on Ottawa avenue, with an agreement for renewal as follows:

"It is further agreed that said second party (plaintiff) may, at its option, renew and extend this lease for a further period of five years from the expiration hereof at a rental to be agreed upon between the parties hereto or determined by arbitration, but which shall not be less than $5,000 per annum, written notice of its intention to exercise such option to be given not later than January 1, 1919, and upon such notice being given said parties of the first part shall forthwith exercise their option with the owner of said premises for such renewal and extension and proceed to carry into effect for the benefit of said second party all rights and privileges of renewal to which they are entitled under their lease from the owner of said premises, and in determining the rental for such additional period the amount received as rent for the remaining portion of the premises described in the lease between said first parties and the owner, or the fair *pro rata* rental value thereof, shall be taken into consideration and due allowance made therefor to said second party."

Plaintiff went into possession and in December, 1918, gave notice to defendant of its intention to renew and extend the lease "for a further period of five years from the expiration thereof, at a rental to be agreed upon as in said lease provided." Defendant's option

for a renewal of his lease was extended by the owner of the building, and he was informed that the lease would be renewed for five years upon the terms of the lease but he would have to take the whole building. Defendant did not renew his lease with the owner and, of course, did not and could not renew his lease with plaintiff. Thereupon plaintiff rented direct from the owner and had to pay $5,000 per year, plus taxes, assessments and insurance upon the property and take the whole building. The trial judge held the contract too indefinite in its terms and method of fixing the rent for the renewal period to afford relief in damages for breach thereof by defendant.

This presents the question of whether a contract in a lease for a renewal thereof at a rental to be agreed upon by the parties, or determined by arbitration, is sufficiently definite to be valid. Numerous cases are to be found sustaining contracts of like import, with the exception that parties thereto agreed to choose arbitrators. We mention a few. *Kaufmann v. Liggett*, 209 Pa. 87 (58 Atl. 129, 67 L. R. A. 353, 103 Am. St. Rep. 988), where the provision was at a rental to be determined by four arbitrators, two selected by each party, with power in case of disagreement to choose an umpire, whose decision should be final and without exception or appeal. *Nakdimen v. Atkinson Improvement Co.*, 148 Ark. 448 (233 S. W. 694), where the rental was to be fixed by a board of arbitrators, three in number, one to be named by each of the parties, and the third to be selected by the two so named, and the award of any two of said arbitrators to be final and conclusive upon the parties. *Wells v. DeLeyer*, 1 Daly (N. Y.), 39, where the contract stated: Upon a rent to be agreed upon by the lessor and lessee, or, in case of disagreement, by arbitrators, one to be chosen by each, and a third, if necessary, by the arbitrators.

Is it necessary to specify the number of arbitrators and each party to the contract agree to make a selection, and stipulate the award shall be final? We think not. The broad agreement to arbitrate carried with it the essentials of arbitration. The breach committed by defendant was in not renewing his lease with the owner, as he might have done, and in not keeping his contract with plaintiff. Had defendant exercised his option for a renewal of his lease with the owner, then plaintiff under its notice of election to remain under right of renewal could have continued in possession, and the fixing of the rent would have been but an incident of such right of holding, and if defendant refused to agree upon the rent or have the same determined in accordance with the agreement the court upon application of plaintiff would have fixed it.

As stated in *Nakdimen* v. *Atkinson Improvement Co., supra:*

"In the present case the essence of the contract was the renewal of the lease for another term of ten years, and the fixing of the rental for that period was merely ancillary to the main contract. Where the provision for an appraisal is incidental and subsidiary to the substantive part of the agreement, the party refusing to name an appraiser or arbitrator can not be heard to complain where the court performs or provides for the performance of such service. The court in fixing the reasonable rental value treats the method as a matter of form rather than substance. So it may be said in the present case that the clause of the contract providing for a board of arbitrators to fix the rental value of the premises does not render the contract void as being too indefinite to be enforceable. *Mutual Life Ins. Co. of New York* v. *Stephens,* 214 N. Y. 488 (108 N. E. 856, L. R. A. 1917C, 809); *Grosvenor* v. *Flint,* 20 R. I. 21 (37 Atl. 304); *Kaufmann* v. *Liggett, supra.* In each of the two cases last cited the court held that the fixing of the rental is not of the essence of the contract to renew a lease upon receipt of notice of that effect upon a rental to be fixed by arbitrators to be appointed by the parties.

See, also, *Castle Creek Water Co.* v. *City of Aspen,* 76 C. C. A. 516, 146 Fed. 8 (8 Ann. Cas. 660)."

The contract extended the leasehold right of occupancy of plaintiff, at its election, and the rent during the renewal period was but an incident to such right of occupancy. The right of occupancy for the renewal period was not made subject to arbitration, either direct or contingent upon the fixing of the rent. The parties agreed upon a legal and definite mode of determining the rent. When plaintiff exercised the right to remain for the period agreed upon, defendant was under obligation to renew his lease with the owner and carry out his contract with plaintiff. Failing to do so defendant is liable in damages. We discover no merit in the claim that the notice of election to renew and extend the lease for the five years "at a rental to be agreed upon as in said lease provided," was not in accord with the provision relative to fixing the rent. This notice is not to be construed as narrowing the fixing of the rent to an agreement to the exclusion of arbitration.

The owner stood ready to renew defendant's lease. We know the rent plaintiff has to pay the owner for a lease of the whole premises. We have before us the contract between the parties and note the following provision relative to a reduction to plaintiff from the total rent defendant would have to pay the owner for the whole building on account of plaintiff not having all of the premises; "and in determining the rental for such additional period the amount received as rent for the remaining portion of the premises described in the lease between said first parties (defendant) and the owner, or the fair *pro rata* rental value thereof, shall be taken into consideration and due allowance made thereof to said second party (plaintiff)."

Plaintiff is entitled to recover damages arising out of defendant's breach of the contract, and the measure

thereof is the difference between the rent it would have had to pay defendant under renewal and what it pays the owner for the same portion of the premises. This may be difficult of determination, but mere difficulty in measuring damages to a nicety does not bar all remedy. Courts sometimes have to make the best effort possible to mete out justice, and will turn a deaf ear to the plaint that damages ought not to be awarded because of difficulty in fixing the same with mathematical exactness. The difficulty is one of defendant's making and if, instead of sitting back and denying all liability, he gets busy and shows some interest in the extent of his liability there will be little trouble in the measurement.

Plaintiff claims damages in having to rent all of the building and, to make use of the portion it would not have had to take had defendant kept his contract, it has expended a large sum in repairs and remodeling the same to meet its business requirements. The bill of particulars discloses the nature and extent of the improvements and alterations made. We understand plaintiff is enjoying the use of such portion of the premises in the conduct of its business. The case will not stand any such further load of difficulty in ascertaining damages. We can conceive of no reason why defendant should be made to pay for fitting up such part of the building for plaintiff's use. No such element of damage, tinged with a benefit, could have been within the contemplation of the parties in case of a breach of the contract and none such are recognized by the law. Plaintiff cannot recover for such repairs and improvements.

The learned trial judge was in error in holding the contract method of fixing the rent too indefinite to be valid and also in saying the notice of election to hold for the renewal period was bad for stating it was to be upon a rental to be agreed upon. Plaintiff now has a right to have a jury determine such rent, in-

stead of arbitrators. Defendant by breach of the contract has sent plaintiff to court to obtain its rights and must accept the measures and means at the command of the court for making determination. Plaintiff is entitled to recover at least nominal damages, and as much more as it has sustained by having to pay the owner of the premises a greater rental, if any, than it would have had to pay defendant for the part of the premises rented from him.

The judgment is reversed and a new trial granted, with costs to plaintiff.

CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred. MCDONALD, C. J., did not sit.