## OSCAR GUSTAFSON AND ANOTHER v. EDWARD J. JUCKEM.[1]

October 23, 1925.

No. 24,953.

**Parol evidence admissible to show extent of premises leased by street number and name of building.**

Certain "premises" being described in a lease by street number and the name of an apartment building situated thereon, parol evidence is competent to identify and show the extent of the premises in question.

See Evidence, 22 C. J. pp. 1264, § 1683; 1270, § 1687.

Action for trespass in the district court for Hennepin county. Plaintiffs appealed from an order, Bardwell, J., sustaining defendant's demurrer to the complaint. Reversed.

*Marshall S. Snyder*, for appellants.

*John G. Priebe*, for respondent.

[1]Reported in 205 N. W. 446.

STONE, J.

Appeal from an order sustaining a demurrer to the complaint in an action for damages to real estate of which plaintiff is lessee, the grounds of the demurrer being misjoinder of causes of action and failure of the facts alleged to constitute a cause of action. Plaintiffs' lease is for the term of four years and six months from October 1, 1922, and describes the property as follows: "Premises numbered 213-215 South Ninth Street in the City of Minneapolis, known as the 'Oakland Flats'." The lease contains nothing further to define the limits of the "premises" so referred to. They are not described by lot and block number, nor is there anything to indicate whether they include the vacant portions, if any, of the lot or lots upon which the "Oakland Flats" are situated. There is at least nothing to negative the idea that the unoccupied portion or portions of the lots in question, if any, are within the premises covered by the lease. As an aid to the description, plaintiffs allege:

"That by previous representations and usages, the said premises known as 213-215 South Ninth Street, Minneapolis, Minnesota, were known and understood to be the Northwesterly Forty-six (46) feet, front and rear of said Lot Nine (9), Block Five (5), Snyder and Co's First Addition to Minneapolis, and that at the time of entering into said contract of lease, the plaintiffs herein, and said W. L. Harris Realty Company [lessor] so understood and in relation to such intended to contract."

In support of that allegation and to identify the property, parol evidence is competent. Ham v. Johnson, 51 Minn. 105, 52 N. W. 1080; Tice v. Freeman, 30 Minn. 389, 15 N. W. 674.

The complaint avers that after plaintiffs took possession under the lease and about May 1, 1924, "defendant * * * wrongfully and with force and violence broke and entered upon said premises and built a certain building thereon, said building having been built directly against the southeasterly wall of said apartment building." So the complaint as it stands alleges plaintiffs' right as lessee to the use and occupancy of certain "premises," and that

upon a portion thereof defendant has wrongfully entered and erected a building to the prevention, pro tanto, of plaintiffs' use thereof.

Without discussing the matter farther, it ought to be clear that thus far the complaint alleges a wrong and in the event of resulting damage, which is both obvious and alleged, a cause of action arises.

For defendant, a supposed party wall agreement is resorted to in argument which the complaint does not permit us to consider. It is not only silent concerning the rights of others than plaintiffs in the "premises" in question, but negatives the existence of any right in defendant. The rule that "an adjoining owner may deprive his neighbor of the light coming laterally over his land by the erection of a wall, fence, or other structure thereon," (1 C. J. 1229), has no application, for at this stage of the case we are not at liberty to assume that defendant is an adjoining owner. We must rather assume, as required by the allegations of the complaint, that he entered wrongfully the premises of another and there erected a structure resulting in legal damage to the latter.

Counsel for respondent having made no reference to it, we pass without comment the claim of misjoinder of causes of action.

Order reversed.