CLAUDE C. DENNY et ux., appellants, v. HARRY JACOBSON, appellee.

No. 48185.

(Reported in 55 N.W.2d 568)

1384

November 11, 1952.

Oliver H. Miller, of Des Moines, for appellants.

Brody, Charlton, Parker & Roberts, of Des Moines, for appellee.

Oliver, J.—The real estate involved in this appeal is part of a lot in West Des Moines upon which is a brick store building. Plaintiffs purchased this property in October 1950 subject to a lease made by the former owner to defendant, who had there operated a haberdashery since 1936. The lease was assigned to plaintiffs. It was for five years beginning May 1, 1946, at a monthly rent of $62.50, payable the first day of each month in advance. It provided:

"The second party [tenant] shall have the right and option to renew and extend the terms of this lease for a period of not more than five (5) years from and after May 1, 1951, by giving

notice of the exercise of such option to the first party not less than sixty (60) days prior to May 1, 1951, and such extended term shall be upon the same terms and condition except that the rental shall be determined and fixed as hereinafter provided.

"The parties shall consider the general rental situation in the City of West Des Moines, Iowa, as of May 1, 1951, in comparison with the like situation as of May 1, 1946, and fix a monthly rental not less than forty-seven and 50/100 dollars ($47.50) or more than seventy-seven and 50/100 dollars ($77.50) in accordance with the proportionate general reduction or increase in rentals, and if the parties cannot agree thereon then they shall within thirty (30) days after notice of the exercise of the option select a disinterested person to assist them in fixing such rental and the decision of any two of said three persons shall be final and binding on both parties."

In February 1951, defendant gave written notice to plaintiffs that pursuant to the right and option contained in the lease he "hereby elects to renew and extend the term of said lease for a period of five (5) years from and after May 1, 1951, at a monthly rental of seventy-seven and 50/100 dollars ($77.50) per month beginning May 1, 1951, and extending throughout the extended term of the lease. I fix the rent at the maximum of seventy-seven and 50/100 dollars ($77.50) per month as stated in the option in order to obviate the necessity of endeavoring to agree with you as to what the rental might be and to obviate the necessity of the selection of a third person in case of our disagreement. This extension is upon the same terms and conditions as the original lease except as to the amount of rental, all as provided in the lease."

March 5, 1951, plaintiffs gave defendant written notice acknowledging receipt of the foregoing notice and stating defendant and plaintiffs had failed to agree and were unable to agree upon the monthly rental for the extended period of the lease and that plaintiffs had selected a certain person to assist in fixing such rental. Defendant was asked to advise plaintiffs that he accepted said arbitrator.

March 8, defendant replied that the statement they were unable to agree on the rent was incorrect and the selection of a

third person to assist in fixing it was not necessary nor proper.

April 27, 1951, plaintiffs gave defendant three days notice to quit, on the ground the lease expired April 30. May 1 they returned $77.50 which defendant had sent them for rent for May, stating: "Your lease expired on April 30 * * *." May 21 they instituted the action in forcible entry and detainer. Trial to the court resulted in an adjudication that defendant was not guilty of wrongful detention of the real estate. From such judgment plaintiffs have appealed.

■ I. Plaintiffs assail the validity of the option provision, contending it is incomplete and does not provide a means for ascertaining the rental with certainty. This contention would not require an answer because not made in the trial court. Johnson v. Cedar Memorial Park Cemetery Assn., 233 Iowa 427, 434, 9 N.W.2d 385. However, most authorities agree that where the rent for the extended term is left to be fixed by valuation, arbitration or appraisal, such stipulation in a lease is not objectionable as being too indefinite to be enforceable. 51 C. J. S., Landlord and Tenant, section 56b(2), pages 597, 598, and citations; 32 Am. Jur., Landlord and Tenant, section 965, pages 811, 812, and citations. See also Marckres Bros. v. Perry Gas Works, 189 Iowa 1204, 179 N.W. 538. We are satisfied that doctrine should be followed in this case.

■ II. Defendant gave plaintiffs timely notice of his exercise of the option to extend the lease for five years. The notice complied with the provisions of the lease. In addition it contained a concession that the rent be fixed at the maximum figure permitted by the extension provision. Plaintiffs could not properly demand more than such maximum. The concession which fixed the rental made unnecessary and improper the selection of a third person to assist in that matter. The extension provision of the 1946 lease stated the "extended term shall be upon the same terms and conditions" except for the rental. All the provisions for the extended term are clearly and definitely stated in the 1946 lease or the notice of the exercise of the option.

■ However, plaintiffs contend a new lease was essential to make the extension effective. They point out that new leases were executed by defendant and the former owner on two previous

occasions and argue this shows the practical construction placed upon the extension provision by the parties thereto. There is no factual basis for this argument. The record shows each of the previous new leases was made to assure defendant of the right to ten years occupancy rather than the five-year extension. Even in the instant case defendant had sought to negotiate a new five-year lease with an extension provision but abandoned his efforts because he considered the rent asked by plaintiffs too far out of line. Hence, he exercised his option to extend the existing lease. Moreover, the language of the extension provision and other clauses of the lease are plain and unambiguous and the conduct of the parties may not be used to prove it means something different than it says. 17 C. J. S., Contracts, section 325, pages 757, 761; 32 C. J. S., Evidence, section 960, pages 908, 909; 20 Am. Jur., Evidence, section 1161.

It is our conclusion the giving of the notice specified in the extension provision of the lease constituted an election to exercise the option to extend the lease and made such extension effective. Marckres Bros. v. Perry Gas Works, 189 Iowa 1204, 179 N.W. 538; Andrews v. Marshall Creamery Co., 118 Iowa 595, 598, 92 N.W. 706, 60 L. R. A. 399, 96 Am. St. Rep. 412; Kaufmann v. Liggett, 209 Pa. 87, 58 A. 129, 67 L. R. A. 353, 103 Am. St. Rep. 988; Stern Co. v. Friedman, 229 Mich. 623, 201 N.W. 961.

III. The lease provides that failure of the tenant to comply with any of its terms, after ten days notice, shall work a forfeiture of his rights under the lease. Plaintiffs complain this provision is unconscionable and contrary to public policy because it delays their right to a forfeiture or other action. This is a novel contention. Forfeiture is not favored by the courts, and provisions affording temporary protection therefrom should be regarded with approval. No authority brought to our attention supports plaintiffs' complaint. Courts to whom such provisions have been submitted have enforced them. Tri-Bullion Smelting & Dev. Co. v. Ozark Smelting & Min. Co., 24 N. M. 651, 176 P. 817; Income Properties Inv. Corp. v. Trefethen, 155 Wash. 493, 284 P. 782. We hold the provision is not improper or invalid.

IV. Judge Ladd, to whom the case was originally

submitted, made certain findings of fact and conclusions of law but rendered no judgment. Thereafter Judge Needham, who disposed of the case, sustained defendant's motion to amend such findings and conclusions by striking certain statements therefrom. Plaintiffs predicate error upon this order of Judge Needham. The order was correct. A suit for the forcible entry or detention of real estate is a summary action which involves the fact of possession. Chapter 646, Code of Iowa, 1950. The statements which were stricken were not relevant to the issue.

Other propositions presented by plaintiffs have been considered and determined to be without substantial merit. We concur in the judgment of the trial court.—Affirmed.

All JUSTICES concur.