FLOYD J. BRECHT, appellant, v. CEDAR RAPIDS DEVELOPMENT CO., a corporation, appellee; ME TOO, INC., intervenor-appellee.

No. 51496.

(Reported in 136 N.W.2d.287)

JUNE 30, 1965.

Fisher & Pickens, of Cedar Rapids, for appellant.

Lynch, Dallas, Smith & Harman, of Cedar Rapids, and Sebesta & Kuehnle, of Mechanicsville, for defendant-appellee and intervenor-appellee.

THORNTON, J.—This is an appeal from a summary judgment.

Plaintiff entered into a written lease with defendant's predecessor in interest to premises described as "Kubicek's Tavern, located at 1623 'J' Street S.W., Cedar Rapids, Iowa, or its successor", "to use the said premises for no other purpose than an orderly conducted tavern business." The rent provided was $100 per month, the term from May 1, 1961, to April 30, 1964. Plaintiff was granted an option to renew the lease for an additional two years.

In July 1963 plaintiff commenced this action to restrain defendant from interfering with plaintiff's customers parking on land of defendant to the rear of the tavern. A temporary injunction was granted and continued on a motion to dissolve. Defendant filed an answer and counterclaim asking title be quieted in him.

On December 14, 1963, plaintiff caused to be served on defendant the following notice of exercising option:

"You, and each of you, are hereby notified that the undersigned Floyd J. Brecht as lessee, hereby exercises the option provisions contained in the lease recorded in Volume 1120, at pages 406 and 407, in the records of the Linn County, Iowa, Recorder, on September 22, 1961, a copy of which lease is attached hereto and made a part hereof by this reference. Please take note that the undersigned does intend and will occupy the leased premises, including the parking rights attendant thereto, until and including April 30, 1966, according to the terms of said lease and option."

January 6, 1964, defendant mailed to plaintiff the following letter:

"Dear Mr. Brecht:

"It is important that there be no misunderstanding between us as to the interpretation and intended legal effect of the Notice of Exercising Option which appears to have been signed by you on December 14, 1963.

"This Notice, among other things, states that you do 'intend and will occupy the leased premises, including the parking rights attendant thereto, until and including April 30, 1966.' You place an interpretation upon the terms and provisions of the intended renewal Lease with which we disagree. Our interpretation of the present Lease is fully expressed in the Answer and Counterclaim which we filed in Equity Action No. 78,246 now pending in the District Court of Linn County, Iowa.

"There can be no doubt that a renewal Lease which would result from the exercise of the option contained in the present Lease of April 8, 1961, would be upon the same terms and conditions as are contained in the existing Lease for an additional

term of two years beginning May 1, 1964, except the renewal would not contain the option to renew clause.

"We do not interpret the Notice which you have served upon us as constituting an unqualified exercise of the option to renew the Lease of April 8, 1961. We, instead, interpret it as an exercise of the option only in the event that under the renewal Lease you will have the right to occupy the leased premises, including parking rights attendant thereto. It is our understanding that the parking rights to which you refer in the Notice are parking rights with respect to at least some part of Lot 8, Block 10, Bowling's First Addition to Cedar Rapids, Iowa. We very emphatically deny that parking rights with respect to any part of Lot 8 are attendant to the Lease of April 8, 1961, or would be attendant to a renewal Lease.

"In reliance upon the construction which we place upon the Notice as herein set out, we will proceed with our improvement plans in a way which will occasion a much larger investment than we would otherwise have expended if you had given an unqualified notice of your election of the option to renew. A misunderstanding as to the intended effect of the Notice might cause damages in a large amount. We ask that no action or inaction on your part may result by reason of an interpretation of the Notice which may differ from that herein expressed.

"We are also mailing a copy of this letter to your attorneys, Fisher & Pickens, so that they will likewise be promptly advised of our position in this matter."

In March 1964 defendant amended its counterclaim by adding a division setting up plaintiff's notice, its letter; plaintiff was required to reply if defendant's interpretation of the notice as expressed in its letter was incorrect; plaintiff had acquiesced in defendant's interpretation and the lease would terminate April 30, 1964, because of failure to give an unqualified notice of the exercise of the option. Defendant then moved for a summary judgment setting up the same matters and urging as a matter of law the notice given did not constitute an unqualified notice and the lease terminated April 30, 1964, the end of the present term. Its position is simply the notice was conditioned on the renewal lease giving plaintiff parking rights.

Plaintiff in his resistance urges the case is not a proper one for disposition on summary judgment, also sets up the notice and letter, that defendant was in no way misled by the notice, plaintiff was not bound in anyway by defendant's interpretation of the notice as expressed in its letter, that he, prior to defendant purchasing the premises, utilized all vacant portions of lots eight and nine to the north and east of the tavern, that defendant had not claimed prior to filing its counterclaim December 9, 1963, plaintiff did not have any parking rights, but that prior to that time had claimed plaintiff's parking be restricted to the area fenced off by defendant which gave rise to this action. That the area left for plaintiff to use as parking after defendant erected the fence was 25 feet across the southeasterly end of lot nine to the rear of the tavern.

In his affidavit attached to his resistance plaintiff stated that at the hearing on the temporary injunction his testimony and that of other witnesses was to the effect that he executed the lease with the understanding that he was acquiring parking rights to the land to the rear of the tavern on lot eight, his claim to parking rights over lot nine and over the southeasterly 22 feet, and southeasterly 60 feet of the northeasterly 30 feet of lot eight, defendant's knowledge thereof, and stated; "and my position was further set forth at the time I mailed the Notice of Exercising Option dated December 4, 1963, to the defendant; * * *"

The trial court sustained defendant's motion and entered summary judgment adjudging plaintiff had no interest in the premises. The court held the notice was conditional, that it did not constitute a definite, unequivocal and unqualified exercise of the option and expressed the intent of plaintiff to be bound by a lease for an additional two years, only if the parking rights claimed by plaintiff were attendant thereto.

I. The judgment of the trial court was erroneous for two reasons (1) the plaintiff did raise fact questions necessary to be resolved against him before defendant was entitled to such a judgment, and (2) the notice was as a matter of law a proper exercise of the option and not vulnerable to the attack against it.

The questions of fact relate to whether the lease did include

parking rights. Plaintiff urged the evidence on his behalf at the hearing on the temporary injunction showed he had an understanding at the time he leased the premises that he had parking rights on lots eight and nine. And that this defendant had not prior to filing its answer and counterclaim on December 9, 1963, claimed plaintiff had no parking rights whatsoever, but in fact had built a fence which allowed plaintiff about 25 feet across the southeasterly end of lot eight for parking to the rear of the tavern. If plaintiff and his original landlord so understood the lease or defendant had actually recognized plaintiff's right to parking on lot eight it is clear the notice is not conditional because there would in fact be parking rights attendant to the lease.

Defendant seeks to meet the above by citing authority to show the description of the premises by street number included nothing more than the building and so much of the lot on which it is situated as is necessary to the purpose stated in the lease. We have examined the authorities cited and though each case holds the tenant was not entitled to all the land claimed none of these cases excludes the consideration of the understanding and acts of the parties in determining the extent of the premises.

■ In Price Realty Co. v. Airport Authority of the City of Lincoln, 175 Neb. 791, 797, 124 N.W.2d 207, 210, the court said, "* * * it must appear either that there is an element of necessity, *or an implication of grant must be shown to flow from what has been said or done,* or both, in order that there may be awarded an easement by implication." (Emphasis added.) See discussion at pages 310 and 311 of 66 N.E.2d in Killian v. Welfare Engineering Co., 328 Ill. App. 375, 66 N.E.2d 305, and discussion of elements to be considered at page 104 of 231 N.W., H. B. Earhart, Inc., v. Haw, 251 Mich. 11, 231 N.W. 103. Penn Bowling Recreation Center v. Hot Shoppes, 86 U. S. App. D. C. 58, 179 F.2d 64, 16 A. L. R.2d 602, is not apposite here.

■ Parol evidence is admissible to show what the parties intended to include in the premises described by a street number. 32 Am. Jur., Landlord & Tenant, section 165, page 161; Annotation, 88 A. L. R. 1400; and Gustafson v. Juckem, 164 Minn. 516, 205 N.W. 446, 447.

■ Plaintiff is entitled to offer evidence to show what the

parties intended at the time. This would include the use of premises and whether defendant did at one time recognize some right of plaintiff to parking rights for the purpose of proving the lease did in fact include parking rights.

■ The question here is not whether this is an action to quiet title, rule 237(e), Rules of Civil Procedure, it is; but whether a fact question is raised that must be resolved before such judgment could be made. Plaintiff is entitled to defend on the issue raised. Eaton v. Downey, 254 Iowa 573, 118 N.W.2d 583; International Milling Co. v. Gisch, 256 Iowa 949, 129 N.W. 2d 646, and citations in each.

The foregoing is sufficient to dispose of the case. However, both parties have briefed and argued the sufficiency of the notice as a matter of law and as our view of the notice differs from that of the trial court we will express such view to obviate another appeal on this issue.

II. The parties agree the proper rules for determining the proper requirements of the notice are set out at page 1406 of 51 A. L. R.2d, as follows:

"The notice of election to exercise an option for renewal of a lease must indicate a definite, unequivocal, and unqualified determination by the lessee to exercise the option, and must conform to the provisions of the lease.

"Suggestions and stipulations which do not alter the absolute meaning of the operative portion of the notice will not invalidate it, and any form of expression denoting a clear intent to exercise the option precisely according to its terms is permissible.

"The lessor and the lessee must be bound equally by the notice given, so that either could be held to the contract."

■ The notice is subject to construction as any other written contract. Where the language used is plain and unambiguous the intent of the parties is determined by what the contract says. See rule 344(f)14, Rules of Civil Procedure.

The first sentence of the notice given standing alone was legally sufficient to constitute a proper exercise of the option in the lease. No question arises as to it.

The question of the notice being conditional arises solely on the second sentence. It is, "Please take note that the under-

1124

signed does intend and will occupy the leased premises, including the parking rights attendant thereto, until and including April 30, 1966, according to the terms of said lease and option."

 Defendant in argument concedes that if the language used was clear and unambiguous and not fairly susceptible of the construction or interpretation placed upon it in its letter of January 6, 1964, the plaintiff could disregard the letter. This of course it must concede. Section 622.22, Code of Iowa, 1962, referring to the understanding of the parties has no application to a plain and unambiguous contract. Cunningham Brothers, Inc. v. City of Waterloo, 254 Iowa 659, 668, 117 N.W.2d 46; and City of Des Moines v. City of West Des Moines, 244 Iowa 310, 315, 56 N.W.2d 904. For an application of section 622.22 see and compare County of Pocahontas v. Katz-Craig Contracting Co., 181 Iowa 1313, 165 N.W. 422. It would follow if the notice was not fairly susceptible to such construction the case must be reversed.

The notice does not contain one conditional word. The statement contained in the second sentence of what plaintiff will occupy is limited by, "according to the terms of said lease and option." All plaintiff can claim in the way of parking rights is what he had under the lease, no more. If he had no parking rights under the lease he would not acquire any by virtue of this statement in the notice.

The second sentence is not necessary to prevent a waiver of any claimed rights, the reason given for its use by plaintiff. And it does not improve plaintiff's position in respect to parking rights, the motive attributed to plaintiff by defendant. So long as the statement of what will be occupied is limited to, "according to the terms of said lease and option,"—to what the lease granted—neither party's position is thereby altered.

This is true even though the second sentence is wholly unnecessary to the sufficiency of the notice. The mere fact it is unnecessary does not mean in attempting to give it effect, as should be done where possible, a meaning and import may be attributed to it that is not stated. We can no more read something into, or delete from, surplus language than we can effective language.

It should be pointed out in defendant's letter to plaintiff as to its interpretation of the notice it quoted only the following from the notice, "intend and will occupy the leased premises, including the parking rights attendant thereto, until and including April 30, 1966." It did not quote, "according to the terms of said lease and option."

Neither party has cited, nor have we found, a case bearing on the sufficiency of a notice to exercise an option containing language similar to that in this case.

In Bernier v. Benson, 21 Ill. App.2d 532, 534, 159 N.E.2d 39, 40, we find an example of conditional language in such a notice. After advising the landlord notice of renewal was thereby given, the notice continued, "It should be understood and agreed as part of the conditions of this renewed lease * * *," and continued with a provision not included in the original lease nor restricted to its terms.

In Orr v. Doubleday, Page & Co., 223 N. Y. 334, 338, 339, 119 N.E. 552, 553, 1 A. L. R. 338, 341, 342, a notice of intention to renew a lease is in part as follows: " "* * * We hereby notify you that it is our intention to take advantage of our rights and renew for a period of ten years * * * with the understanding that this notice is to be withdrawn if the court consents to accept the transfer of the lease now in course of negotiation * * *"."

The New York Court of Appeals said, "The intention and its expression were absolute and unconditional. * * * It was the withdrawal of the notification, and not the taking of a new term, which was conditioned upon the approval of the court and the consent of the plaintiffs. The notification contained no offer for the plaintiffs to accept or reject. It proposed no new term or condition to be acted upon by them."

This New York case actually holds a stipulation or suggestion does not qualify the notice. See also Chamberlain v. Dunlop, 126 N. Y. 45, 26 N.E. 966, 22 Am. St. Rep. 807. It does, however, point out to be conditional the notice must contain something for the landlord to accept or reject. Something other than contained in the original lease. The surplus sentence in the case at bar was limited to what plaintiff would occupy "according to the terms of said lease and option." There was nothing

here for defendant to accept or reject, it was bound "according to the terms of said lease and option."

That a concession in a notice to exercise an option to renew a lease does not affect its validity, see Denny v. Jacobson, 243 Iowa 1383, 55 N.W.2d 568.

Defendant urges the words "including the parking rights attendant thereto" indicated plaintiff's intention to be bound by a lease for the additional term only if the parking rights which the plaintiff claimed were attendant to the lease; that it amounts to a counterproposal. To so hold something must be added to the language used, this we cannot do.

The first sentence of the notice is clear and direct. The second sentence does not qualify it, it merely states what plaintiff intends to and will occupy according to the terms of the lease and option, to some degree it is repetitious but it is not qualified or conditional.

III. Attention is directed to the fact the record in this case contains 126 pages that are not material to this appeal. They consist of plaintiff's motion to reconsider, defendant's resistance and evidence taken on the hearing thereon. The trial court did not rule on such motion before the appeal was taken. Rule 340 (a), Rules of Civil Procedure, provides the record on appeal shall consist of only that part of the record below as is material to the appeal.

The case is reversed and remanded for trial.—Reversed and remanded.

All JUSTICES concur except LARSON, J., who concurs in Division I and in the result.